In the Matter of MICHELI CONTRACTING CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is an excavation contractor and lessor of construction equipment. Following an audit of its records by the Sales Tax Bureau of the Department of Taxation and Finance, petitioner was notified in 1976 that its sales and use tax returns had been deficient in the amount of $4,756.85,* including interest and penalties, for the period from December 1, 1972 to February 28, 1973, and $40,975.52, including interest and penalties for the period from March 1, 1973 to August 31, 1975.

The Tax Law imposes sales and use taxes on receipts from the retail sale of tangible personal property (Tax Law § 1105 [a]; § 1110). A purchase at retail, or a retail sale, is defined, *inter alia*, as a sale or purchase of tangible personal property for any purpose other than for resale (Tax Law § 1101 [b] [2], [4]). Sale and purchase include rentals (Tax Law § 1101 [b] [5]). Purchases and rentals of equipment made for resale or rerental are exempt from tax (Tax Law § 1101 [b] [1], [4]; *see*, 20 NYCRR 526.6 [c]). Petitioner leased or purchased construction equipment from third parties and in some instances re-leased the equipment to

---

* Upon completion of the audit, the amount of tax due, including interest and penalties, for the period from December 1, 1972 to February 28, 1973 was reduced to $4,697.91.

other contractors, but also used some of the equipment in its own excavation contracts. The audit, according to the Department, uncovered instances where petitioner's records, because of incompleteness, did not permit a trace of the use of the equipment or indicated that equipment was re-leased by petitioner where, in actuality, petitioner had used the equipment in performing its own contracts. Included in the assessment were additional taxes for purchases of fuel, parts and repairs to equipment which the Department determined to be subject to taxation as it was not held by petitioner for re-lease or resale.

A petition was filed seeking, *inter alia*, the abatement of the assessment. A small claims hearing was conducted by respondent pursuant to petitioner's request. Following a lengthy hearing, respondent granted the petition in part, reducing the assessment to the extent that it found rerental to be documented. Respondent found, however, that other claims of re-leases of equipment were not adequately documented by petitioner and accordingly, declined to reduce the assessment with respect thereto. With regard to the assessment on purchases of fuel, repairs and parts associated with equipment determined to be subject to sales and use taxes, respondent found that petitioner's records were inadequate to determine the exact proportion in which these purchases were associated with petitioner's use of the machinery, which would make such purchases taxable, as opposed to their use in equipment re-leased, which would qualify such purchases for the exclusion. Respondent concluded from an income analysis prepared by petitioner that 20% of such purchases qualified for the exclusion. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner asserts that the determination must be annulled because the audit was conducted under the allegedly erroneous legal standard that the purchase or rental of equipment by petitioner was taxable unless petitioner had acquired the equipment exclusively for resale or re-lease. In this regard, the Court of Appeals has held that an item is purchased for resale for the purposes of Tax Law § 1101 when the purchaser acquires the item for the purpose of resale (*Matter of Albany Calcium Light Co. v State Tax Commn.*, 44 NY2d 986, 987; *see also*, 20 NYCRR 526.6 [c] [1]). In light of the above commonsense definition and given the nature of petitioner's business, which includes both petitioner's own use of the equipment and the leasing of such equipment by petitioner to third parties, we are unable to conclude that respondent's interpretation of Tax Law § 1101 was erroneous.

Petitioner next asserts that the assessment for purchases of fuel, repairs and parts for equipment was not based upon sub-

stantial evidence, as the record supports an exemption from sales and use taxes of 50% of such purchases rather than the 20% allowed. Respondent's finding that only 20% of such purchases were entitled to exemption was based on a financial worksheet prepared by petitioner which indicated that 20% of petitioner's gross income was derived from equipment rentals and time and material contracts, while 80% of its gross income was derived from its contracting services. Petitioner agrees that the portion of the assessment attributable to purchases of fuel, repairs and parts should be estimated from the worksheet referred to above, but asserts that net income, rather than gross income, is a more accurate basis from which to determine if such purchases were associated with equipment rentals and thus tax exempt. The worksheet indicates that 50% of petitioner's net income was derived from equipment rental.

Where, as here, with respect to purchases of fuel, repairs and parts for equipment, the records of the taxpayer are inadequate to permit an exact computation of the sales and use taxes due, exactness is not required in arriving at the assessment (*Matter of Ristorante Puglia v Chu,* 102 AD2d 348, 350; *Matter of Markowitz v State Tax Commn.,* 54 AD2d 1023, *affd* 44 NY2d 684). However, the method chosen to compute the tax must be reasonably calculated to reflect the taxes due (*Matter of Ristorante Puglia v Chu, supra*). The burden is on the taxpayer to demonstrate by clear and convincing evidence that both the method used to arrive at the assessment and the assessment itself are erroneous (102 AD2d, at p 351; *Matter of Surface Line Operators Fraternal Org. v Tully,* 85 AD2d 858, 859). A review of the record reveals that petitioner has failed to sustain its burden.

As indicated above, all parties rely on the worksheet to estimate the tax due. No correlation can be perceived between the expenses incurred in petitioner's contracting and rental operations, which are reflected in the net income figures, and petitioner's own use of the equipment and the re-leasing of the equipment. Accordingly, we find no error in respondent's determination that the gross income figures, which do not reflect the greater expenses associated with petitioner's contracting operation, provide a more accurate basis for estimating the tax due.

Contrary to petitioner's assertion, the record in this case contains sufficient evidence to sustain respondent's determination (*see, Matter of Liberman v Gallman,* 41 NY2d 774, 777-778). We have examined petitioner's remaining contentions and find them lacking in merit. Consequently, the determination must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.