■ In the Matter of JACK W. MILLER EXCAVATING CONTRACTOR, INC., Petitioner, v STATE TAX COMMISSION, Respondent.— Kane, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is engaged, *inter alia,* in the business of excavating and selling bank run gravel. After a test-period audit was conducted, a notice and demand for payment of sales and use taxes amounting to $24,848.93, including interest, was issued. At a subsequent conference, the assessment was reduced to a total, including interest, of $22,587.90. At the ensuing hearing, the Audit Division of the Department of Taxation and Finance conceded that a test-period audit should not have been performed in view of petitioner's complete books and records.

Accordingly, following the hearing, respondent issued a determination that petitioner was liable for $11,132.76, which reflected $5,953.35 in taxes owed and $5,179.41 in interest at the statutory rate. This CPLR article 78 proceeding ensued and was transferred to this court.

Petitioner objects to respondent's determination that its service charge for loading gravel, which is listed separately from the cost of the gravel on the invoice, is subject to sales tax. The record reveals that despite petitioner's practice of separately stating on its bills an allegedly nontaxable amount for "loading", such loading was always done whenever it sold gravel. Accordingly, respondent's determination, that the expense of loading gravel into customer's trucks was an expense of petitioner which was passed along to the customers as part of the sales price and was not a separate service offered to the customers as an option, is supported by substantial evidence. Therefore, petitioner was required to collect sales tax on the total price of the gravel regardless of the fact that it separately stated the charges (see, Tax Law § 1105 [a]; 20 NYCRR 526.5 [e]). Moreover, there is no support in the record for petitioner's argument that the loading charges were actually delivery charges exempt from tax (see, 20 NYCRR 526.5 [g]).

Petitioner alleges that 15% of his sales of gravel were made to farmers who gave it tax-exemption certificates. Respondent found that while the subject gravel sales should have been subject to sales tax, petitioner was entitled to rely upon the tax-exemption certificates that it had accepted in good faith. Petitioner, however, was able to produce only a limited number of the tax-exemption certificates it alleged it had received. Respondent, accordingly, limited petitioner's exemption to the amounts substantiated by the actual exemption certificates. It was not arbitrary or capricious for respondent to credit petitioner only with respect to those sales for which it produced a certificate (see, Matter of Micheli Contr. Corp. v New York State Tax Commn., 109 AD2d 957, 959).

We have reviewed petitioner's remaining contentions and find them lacking in merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Weiss, Mikoll and Harvey, JJ., concur.