■ In the Matter of GREENE & KELLOGG, INC., Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The issue in this proceeding is whether substantial evidence supports the determination by respondents that medical equipment and supplies purchased by petitioner for use in its respiratory therapy services were not purchases "for resale" (Tax Law § 1101 [b] [4] [i] [A]) and were thus subject to taxation *(see,* Tax Law § 1105 [a]; *see also,* Tax Law § 1115 [a] [3] [purchases of medical supplies and equipment for perform-

ing medical and similar services for compensation are not exempt from sales tax]).

Petitioner is a medical service and supply firm. It was issued two notices of determination and demand for payment of sales tax by the Audit Division of the Department of Taxation and Finance in December 1982. Although petitioner sells equipment and supplies to nearly every hospital in the State, the deficiencies in dispute arose from the approximately 20 hospitals where it has "full service contracts". Under these contracts, petitioner agreed "to establish and operate the Inhalation Therapy Department in the Hospital", to provide a "Chief Therapist" and technicians "who shall render all services relative to the administration of Inhalation therapy". Petitioner also agreed to "furnish and maintain all equipment as required for its service in the Hospital". As compensation for its services, petitioner received a fixed percentage, 40% or 50%, of the gross charges that the hospital made to the patient. Prior to the relevant period, addenda were made to these contracts which, *inter alia,* termed the transactions regarding the equipment as "leases" and apprised the hospital that fees received under the full-service contract would be allocated 10% for the purchase of disposable supplies, 20% for leasing the equipment and 70% for the furnishing of therapist services.

Petitioner sought redetermination of the assessed deficiency. Respondents ultimately determined that the transactions did not involve a "resale" or equipment and supplies. They concluded that petitioner provided respiratory therapy services in the particular hospitals and that the nature of the service was not altered by the addenda to its contracts. In reaching their determination, respondents attached significance to petitioner's billing practices. Respondents sustained the deficiencies and this proceeding, transferred to this court, ensued.

Petitioner contends that it purchased the subject equipment and supplies solely for resale or lease. It urges that the lease transactions were not provided as an integral part of its services, but were bona fide rentals. Certain purchases which are made for resale are not subject to sales tax (Tax Law § 1101 [b] [4]; § 1105 [a]), and, in some instances, leases will fit the definition of "sale" *(see,* Tax Law § 1101 [b] [5]; 20 NYCRR 526.7 [c] [1]; [e] [4]). Respondents' determination as to whether a transaction is a qualifying rental must be upheld if supported by substantial evidence *(see, Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn.,* 67 NY2d 690, 692-693). In *Matter of U-Need-A-Roll Off Corp. v New York State*

*Tax Commn., (supra),* the Court of Appeals found that the petitioner's billing methods provided substantial evidence to support the determination that a service and not a rental of property was involved.

Here, the hospitals were charged without regard to the therapist's time, the quantity of equipment or the quantity of supplies. There was not separate accountability with reductions in payments when the hospital staff provided the therapy so that only supplies would be "sold" in such instances. Charges were not made periodically but only when therapy was offered to patients, and patients were billed for the charges. There was no accounting as to what services, supplies or equipment were provided to any particular patient. We find that these billing arrangements provide substantial evidence to support respondents' determination that the subject supplies and equipment were provided as part of petitioner's service to the hospitals and were not separate sales or rentals. The addenda that petitioner made to its contracts appear to be a change in form only, and did not alter the actual nature of the transaction between the parties. Consequently, respondents could properly conclude that petitioner's initial purchases of equipment and supplies were subject to sales tax *(see,* Tax Law § 1105 [a]; § 1101 [b] [4]; § 1115 [a] [3]; *see also, Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.