■ In the Matter of MIDLAND ASPHALT CORPORATION, Petitioner, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

For the past 45 years petitioner has been in the business of applying an asphalt emulsion product during the construction of highways, parking lots and other surfaces. It has had the capability to manufacture that product for 16 years. Five per cent of the asphalt product which it produces is sold to customers who drive their own trucks to petitioner's manufacturing plant. Another 5% is sold to customers for whom petitioner delivers the product using its own vehicles. The remaining 90% of the asphalt product that petitioner produces is delivered and applied directly by petitioner to customers' highways or other surfaces through the use of petitioner's specialized distribution and application vehicles. Since the demand for this service exceeds the amount of asphalt product

which petitioner is able to produce, petitioner buys approximately one half of the asphalt product it uses in providing this service from other manufacturers. Petitioner owns and operates six "mix-pavers" in combining the asphalt product and the customers' aggregate to form blacktop.

Petitioner believed that certain equipment which it had purchased to aid in the production of its asphalt product was exempt from taxes as equipment used directly and predominantly in the manufacturing of tangible personal property for sale (see, Tax Law § 1115 [a] [12]); that certain electricity which it purchased in the production of its asphalt product was exempt from taxes as electricity used directly and exclusively in the manufacturing of tangible personal property for sale (see, Tax Law § 1115 [c]); and that a mix-paver it purchased was excluded from taxation as a purchase for resale (see, Tax Law § 1101 [b] [4] [i] [A]). The Audit Division of the State Department of Taxation and Finance disagreed with petitioner and issued a notice of determination finding petitioner liable for $19,613.16 in taxes, plus interest, for the period February 28, 1980 through August 31, 1982. Petitioner challenged the assessment and a hearing ensued. Ultimately, the State Tax Commission sustained the notice of determination with the exception of an erroneously asserted sales tax upon purchases in the amount of $1,824.35 which petitioner had already paid, and an exemption was allowed on 10% of petitioner's use of separately metered electricity to its machinery and equipment at its plant in the City of Tonawanda, Erie County. Since the Tax Commission concluded that "petitioner is * * * a contractor, subcontractor or repairman engaged in the business of providing the services of maintaining, servicing or repairing real property", the statutory exemption did not apply because petitioner was the retail customer of the equipment and electricity (see, Tax Law § 1101 [b] [4] [i]). The Tax Commission also concluded that petitioner failed to meet its burden of proving that it purchased the mix-paver for resale. This proceeding, transferred to this court, followed.

Dispositive of the issue of whether petitioner's purchases of electricity and equipment are taxable is whether substantial evidence supports the Tax Commission's characterization of petitioner's business. As stated above, the Tax Commission determined that petitioner was primarily in the business of contracting its service of installing tangible personal property which resulted in capital improvements. Petitioner contends that it is in the business of selling the asphalt product as tangible personal property and that equipment and electricity

used in manufacturing this product should thus be exempt from taxation *(see,* Tax Law § 1115 [a] [12]; [c]). The taxpayer has the burden when asserting the applicability of an exemption *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 195; *Matter of Shanty Hollow Corp. v New York State Tax Commn.,* 111 AD2d 968, *lv denied* 66 NY2d 603). Here, there was evidence that the vast majority of petitioner's business consists of applying asphalt (either its own or some purchased from another manufacturer) to highways and other surfaces. Petitioner uses 90% of the asphalt it produces in order to meet its contractual obligations to provide and apply the asphalt emulsion. We conclude that substantial evidence supports the Tax Commission's determination that petitioner is manufacturing the asphalt for its contracting business and is not primarily in the business of selling the asphalt separately from the services it provides *(see, Matter of Southern Tier Iron Works v Tully,* 66 AD2d 921, *lv denied* 46 NY2d 713; 20 NYCRR 531.3 [b] [example 13]).

Next, we consider petitioner's contention that the mix-paver was purchased solely for "resale". Certain purchases which are made for resale are not subject to taxation (Tax Law § 1101 [b] [4]). A rental agreement can, in some instances, fit the definition of a "sale" (Tax Law § 1101 [b] [5]). Great deference is given to the Tax Commission's characterization of the transaction *(see, Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986). Petitioner asserts that the mix-paver was purchased for the purpose of renting it to petitioner's customers, but no lease agreements were submitted into evidence. Also, petitioner nearly always provided a driver. While this does not preclude the existence of a valid rental agreement, there was evidence that the driver retained some control over the use of the machine *(see,* 20 NYCRR 526.7 [e] [6]). Upon review of the record, we believe there is sufficient evidence to uphold the Tax Commission's determination that the mix-paver was provided as a part of petitioner's services and that the additional charge was merely an "add-on" for the use of the equipment, not a true rental.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Yesawich, Jr., and Harvey, JJ., concur.