■ In the Matter of CUSTOM MANAGEMENT CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner sets up and manages food service operations and facilities at various educational and health care institutions. Petitioner has separate written contracts with each of its institutional clients setting forth the details of the various responsibilities and rights accorded to each party thereunder. Typically, the client provides the dining area, kitchen and related equipment, as well as glasses, silverware and china, and petitioner runs the entire food service operation; it orders all the food, prepares and serves all the meals and cleans up the dining and kitchen areas. Additionally, petitioner provides an on-site trained food service manager who hires the individuals who work in the dining halls. Petitioner's invoices to the institutions separately state total costs for food, supplies, repairs, labor, payroll and other expenses, and petitioner's fee. The four institutional entities which constituted petitioner's clients during the audit period in issue were accorded exempt status under Tax Law § 1116 (a) (4).

Following a field audit by the Audit Division of the Department of Taxation and Finance, an assessment was issued in 1982 for additional sales taxes due for the period December 1, 1979 through August 31, 1982 in the amount of $22,558.11, plus interest. This assessment was based on the Audit Division's finding that petitioner's recurring purchases of plastic spoons and cups, paper supplies, napkins and cleaning agents were subject to sales tax since those items were used by petitioner as part of its service to its clients. Petitioner protested the assessment and presented additional evidence which resulted in the Audit Division revising the assessment downward to $12,175.33. After a hearing, respondent determined that the evidence established that petitioner was the record purchaser of the items in issue and such items were used by petitioner in its business; thus, the assessment was proper. Petitioner then brought this CPLR article 78 proceeding which has been transferred to this court.

Initially, we reject petitioner's assertion that it was an agent for its various tax-exempt institutional clients and, thus, entitled to an exemption pursuant to Tax Law § 1116 (a) (4). "An agency is a fiduciary relationship which results from a manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent by the other to act" *(Meese v Miller,* 79 AD2d 237, 241; *see,* 2 NY Jur 2d, Agency, § 1, at 470-471). We conclude from the record that petitioner's control over the details of its food management service supports the determination that it was not merely an agent for the tax-exempt entities. Indeed, it was specifically hired so that its institutional clients would be relieved of responsibility for running this service. Evidence that petitioner purchases the food and supplies, usually determines which vendors to use, performs the bookkeeping functions and generally places all the employees on its payroll supports respondent's determination. In sum, petitioner did not meet its burden of showing that it was acting solely on behalf of and subject to the control of its institutional clients.

Next, petitioner maintains that even if it was not an agent of its clients, the recurring purchases of the noted items were purchases for resale and, thus, tax exempt pursuant to Tax Law § 1101 (b) (4) (i). We disagree. The Court of Appeals has held that an item is purchased for resale for the purposes of Tax Law § 1101 when the purchaser acquires the item for the purpose of resale *(see, Matter of Albany Calcium Light Co. v State Tax Commn.,* 44 NY2d 986, 987; *Matter of Micheli Contr. Corp. v New York State Tax Commn.,* 109 AD2d 957, 958). Any resale which is purely incidental to the primary purpose of the business is not a purchase for resale as such *(see, Matter of Laux Adv. v Tully,* 67 AD2d 1066). Here, petitioner did not purchase the items primarily to resell them. Instead, they were purchased and used as a part of the service which petitioner provided to its clients. Moreover, as respondent correctly notes, the napkins and plastic spoons were not purchased for resale but, instead, are "items of overhead [that enhance] the comfort of * * * patrons consuming the food products" *(Celestial Food of Massapequa Corp. v New York State Tax Commn.,* 63 NY2d 1020, 1022). Thus, since petitioner's recurring purchases are used in its food service operation, respondent correctly determined that these items were not purchased for resale. Consequently, respondent's determination should be confirmed.

Determination confirmed, and petition dismissed, without

costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.