■ In the Matter of FANNON & OSMOND PHOTOGRAPHY, INC., et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents.—Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioners are New York corporations engaged in the business of producing audio/visual presentations for corporate clients who wish to present product information to their sales forces. At issue in this proceeding is whether certain art supplies and artwork used to create the slides and soundtracks used in the presentations are exempt from sales and compensating use taxes as tangible personal property purchased for resale as a physical component part of the audio/visual presentations. Resolution of the issue requires a brief description of the manner in which the audio/visual presentations are created.

Petitioners meet with a client and establish a time schedule and budgetary guidelines for the proposed presentation. A script writer is then employed by petitioners who meets with the client and prepares a script. Petitioners then create designs and storyboards with the assistance of artists and typographers. The storyboard, revealing graphic illustrations, is then cued to the script. The script and storyboards are then submitted to the client for approval. Upon approval, petitioners proceed to production which requires the creation of mechanicals. Finally, slides are produced from the mechanicals and a soundtrack is produced to run with the slide presentation. Presentation of this final product is made to the client and, upon approval, the materials are given to the client.

It is undisputed that petitioners did not pay any sales tax on the materials they purchased from vendors to create the mechanicals during the audit periods. Instead, they used their exempt certificates to avoid being charged a sales tax by their vendors. Later, petitioners added the costs of the materials used and the services rendered in creating the mechanicals in determining a client's total billing. The client would then be charged a sales tax on the total billing. Petitioners would pay over to the State the total sales tax collected each quarter. The question to be resolved here is whether the physical

image created by the mechanicals and captured by the photography slides constituted a physical component part of petitioners' presentations. Inasmuch as the facts are not in dispute, statutory interpretation, not substantial evidence, becomes the determinative issue.

Tax Law § 1110 imposes a compensating use tax for the use "of any tangible personal property purchased at retail" (Tax Law § 1110 [A]) and a retail sale is defined as "[a] sale of tangible personal property to any person for any purpose, other than * * * for resale as such or as a physical component part of tangible personal property" (Tax Law § 1101 [b] [4] [i] [A]). Also pertinent is Tax Law § 1118 (4) which provides an exemption for the "use of property which is converted into or becomes a component part of a product produced for sale by the purchaser".

Two cases are both instructive and determinative of the issue presented. In *Matter of Finch, Pruyn & Co. v Tully* (69 AD2d 192) this court determined that chemicals used in the production of paper for books, business forms and correspondence were exempt from the compensating use tax as tangible personal property because they were purchased for resale as a physical component part of tangible personal property. In that case we determined that because all of the chemicals used in the manufacturing process played an integral part in the process and because detectable amounts of the chemicals could be found in the final product, the ordinary meaning of "a component" was certainly broad enough to include detectable materials in the finished whole *(supra,* at 195-196). Likewise, in *Matter of Burger King v State Tax Commn.* (51 NY2d 614), the Court of Appeals held that the wrappers for hamburgers, sleeves for french fries and cups for beverages were as much a part of the final product as the food or drink item itself *(supra,* at 623). As such, they constituted a critical element of the final product and were excepted from tax. Central to those two cases was the physical nexus of the components to the final product. While it can be rationally argued in the instant case, as petitioners maintain, that the artwork with designs and typography on them are critical elements of the product sold, they are clearly not *physical* components thereof. Accordingly, we cannot say that respondents' interpretation of the applicable statutes is irrational or unreasonable and therefore the determination must be confirmed *(see, Matter of Marriott Family Rests. v Tax Appeals Tribunal,* 174 AD2d 805).

Weiss, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur.

Adjudged that the determination is confirmed, and petition dismissed, without costs.