[706 NYS2d 259]

In the Matter of WEST VALLEY NUCLEAR SERVICES COMPANY, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, April 20, 2000

## APPEARANCES OF COUNSEL

*Phillips, Lytle, Hitchcock, Blaine & Huber, L. L. P.,* Buffalo (*James A. Locke* of counsel), for petitioner.

*Eliot Spitzer, Attorney General,* Albany (*Julie S. Mereson* of counsel), for respondents.

**OPINION OF THE COURT**

PETERS, J.

Petitioner manages and operates a nuclear waste management facility for the United States Department of Energy (hereinafter DOE) pursuant to the terms of an operating contract. In accordance therewith, petitioner regularly purchased various materials and equipment from vendors in its own name and paid for said materials and equipment from funds drawn from a special letter of credit through a bank account owned by the Federal Government. Such operating contract further provided that petitioner was to be the sole party bound by its sales contracts with these vendors and that, pursuant to Federal regulations (*see*, 48 CFR 970.4501, 970.5204-21), title to the purchased property would pass directly from the vendor to the Federal Government. The property was marked as Federal Government property and could only be used by petitioner in performing the contracted-for services. No sales or use tax was ever paid on any of the property purchased by petitioner for use on the DOE site.

In 1991, the Division of Taxation within the State Department of Taxation and Finance issued to petitioner two notices of determination and demands for payment for taxes for the period December 1985 through February 1990 in the amount of $4,547,448.18, plus interest. After a hearing before an Administrative Law Judge (hereinafter ALJ) of the Division of Tax Appeals and subsequent to argument before respondent Tax Appeals Tribunal, the matter was remanded to the ALJ for consideration of certain exemptions. The Tribunal subsequently affirmed the ALJ's determinations; the amount of tax and interest due from petitioner was adjusted to $842,167.28.

As relevant to the present proceeding, the Tribunal affirmed the ALJ's determination that petitioner was not entitled to a resale exemption (*see*, Tax Law § 1101 [b] [4] [i] [A]) based upon its claim that all property it purchased under the contract was immediately "resold" to DOE. Petitioner thereafter commenced this CPLR article 78 proceeding seeking a review of the Tribunal's determination.

As a party seeking the benefit of a statutory exemption to the imposition of sales tax, petitioner had the burden of establishing that its purchases fell within the meaning of the statutory resale exemption in that the items purchased were

purchased for the singular purpose of resale (see, Tax Law § 1132 [c]; *Matter of AGL Welding Supply Co. v Commissioner of Taxation & Fin.*, 238 AD2d 734, *lv denied* 90 NY2d 808; *Matter of Robert Bruce McLane Assocs. v Urbach*, 232 AD2d 826; *Matter of P-H Fine Arts v New York State Tax Appeals Tribunal*, 227 AD2d 683, *lv denied* 89 NY2d 804).

To so determine its applicability here, we note that the Tax Law will impose a sales tax on receipts from a retail sale of tangible personal property (see, Tax Law § 1105 [a]; § 1110). A retail sale is defined as "[a] sale of tangible personal property to any person for any purpose, other than * * * resale" (Tax Law § 1101 [b] [4] [i]). Although the term "resale" is not specifically defined in the statute, assigning the term its "usual and commonly understood meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 232), it is evident that it would amount to "the act of selling again" (Webster's Third New International Dictionary 1929 [unabridged 1981]).

The transactions here were solely between the vendors and petitioner.* While title passed from the vendors to the Government, possession passed unquestionably to petitioner. Yet, as demonstrated by the record, petitioner's purchases were not made for the purpose of a resale to the Government. The Government was neither obligated to the vendors nor obligated to reimburse petitioner for the purchases since funds from the Government-owned account were used to pay the vendors. Hence, with title remaining in the Government, it appears evident that the goods were used by petitioner for the sole purpose of managing and operating the DOE facility—an express requirement in fulfilling petitioner's contractual obligations (see, *Matter of Custom Mgt. Corp. v New York State Tax Commn.*, 148 AD2d 919).

For these reasons, we cannot find that the Tribunal's determination regarding the inapplicability of the resale exception to petitioner's purchases was irrational or unreasonable (see, *Matter of Robert Bruce McLane Assocs. v Urbach*, 232 AD2d 826, *supra*; *Matter of P-H Fine Arts v New York State Tax Appeals Tribunal*, 227 AD2d 683, *supra*), nor can we conclude that these transactions, occurring simultaneously, amounted to a resale under the Tax Law. As deserving of deference (see, *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d

---

* Petitioner did not furnish the vendors with resale certificates as required in order to utilize the resale exemption (see, 20 NYCRR 526.6 [c] [2]; *Matter of Savemart, Inc. v State Tax Commn.*, 105 AD2d 1001, 1003, *appeal dismissed* 64 NY2d 1039, *lv denied* 65 NY2d 604).

588, 597, *revd on other grounds* 62 NY2d 539), the Tribunal's determination should be confirmed (*see, Matter of P-H Fine Arts v New York State Tax Appeals Tribunal, supra; see also, Matter of AGL Welding Supply Co. v Commissioner of Taxation & Fin.*, 238 AD2d 734, *supra*).

CARDONA, P. J., SPAIN, CARPINELLO and GRAFFEO, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.