■ In the Matter of GEORGE STATHAROS, as Officer of BEST TAXI MANAGEMENT, INC., Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [760 NYS2d 777] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained an assessment of sales and use taxes imposed under Tax Law articles 28 and 29.

In 1994, the Department of Taxation and Finance (hereinafter Department) and the Metropolitan Taxicab Board of Trade (hereinafter MTBOT), which represents fleet taxi companies,[1] agreed that the sales tax for the rental of a taxi would be calculated at the rate of $24 per shift. In October 1995, petitioner's company, not a fleet but a medallion management company[2] where taxis are leased for a 12-hour shift at an average cost of $80, was notified that it would be audited for the period of June 1, 1992 to November 30, 1995. Although the auditor, A. Scott Harris, requested a variety of documents, he

---

1. Fleet taxicab companies are subject to numerous regulations, which include the ownership of cabs, the medallions necessary for their operation and an operation of no less than 25 vehicles.
2. These types of companies acquire leases of medallions from the owners and then lease a medallion and cab to an individual driver.

was merely provided with a dispatch book[3] showing activity from July 1992 to August 1993. Finding numerous discrepancies and a lack of invoices, receipts, charts or tax payments which could verify the numbers recorded, Harris estimated the sales and use tax due. After a conciliation conference, the tax was reduced and all penalties were excused. Petitioner unsuccessfully appealed the determination before an Administrative Law Judge. It was thereafter confirmed by respondent Tax Appeals Tribunal (hereinafter the Tribunal), thus prompting this proceeding.

Petitioner contends that the leasing of a taxi does not constitute a taxable event under Tax Law § 1105 (a) and " 'that its interpretation of [this] statute is * * * the only reasonable construction' " (*Matter of Federal Deposit Ins. Corp. v Commissioner of Taxation & Fin.*, 83 NY2d 44, 49 [1993], quoting *Matter of Moran Towing & Transp. Co. v New York State Tax Commn.*, 72 NY2d 166, 173 [1988]). We disagree.

Tax Law § 1105 (a) requires a sales tax to be imposed, with limited exceptions, upon "[t]he receipts from every retail sale of tangible personal property." A retail sale is a "sale of tangible personal property to any person for any purpose" (Tax Law § 1101 [b] [4] [i]). A sale includes "[a]ny transfer of title or possession or * * * rental, lease or license to use or consume * * * for a consideration" (Tax Law § 1101 [b] [5]). Applying these definitions, it is clear that by the unambiguous statutory language employed, the leasing of a taxi—tangible personal property—to a driver, who assumes possession and control for a 12-hour period, constitutes a taxable event under Tax Law § 1105 (a) (*see* Tax Law § 1101 [b] [6]; 20 NYCRR 526.7 [a] [1], [2]; [e] [4]; *Matter of NewChannels Corp. v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.*, 279 AD2d 164, 167 [2001], *lv denied* 96 NY2d 711 [2001]).

As the cases, Tribunal decisions and advisory opinions relied upon by petitioner to support its position are clearly distinguishable (*see American Locker Co. v City of New York*, 308 NY 264 [1955]; *Matter of Atlas Linen Supply Co. v Chu*, 149 AD2d 824 [1989], *lv denied* 74 NY2d 616 [1989]; *Matter of Grand Is. Tr. Corp.*, 1984 NY Tax LEXIS 442, 1984 WL 21471 [State Tax Commn 1984]; *see also* Advisory Opinion, TSB-A-95 [13] S, Apr. 25, 1995, 1995 WL 320397), the Tribunal is not obligated to explain its departure from those holdings (*see Matter of Field Delivery Serv. [Roberts]*, 66 NY2d 516, 520 [1985]).

Nor do we find error in the amount assessed or methods

---

**3.** Such book logged information such as the shift, driver's name, hack license, medallion being used, and amount the driver was charged.

employed even though a portion of the transaction was nontaxable. Harris attributed the negotiated $24 per shift rate of the lease fee to the taxi rental; he excluded any transactions where only the medallion was rented. The testimony of the auditor who assisted Harris indicated that had the $24 amount not been used, the dollar figure attributed to the rental would have been higher. Recognizing that petitioner's accountant disputed the $24 shift allotment, the Tribunal's resolution of this credibility issue will not be disturbed where, as here, it is supported by substantial evidence (*see Matter of Suburban Restoration Co. v Tax Appeals Trib. of State of N.Y.*, 299 AD2d 751, 752 [2002]).

As to the claim that the resale exemption should apply because the taxi's passengers are the final consumers of the product, petitioner failed to sustain his burden of establishing this statutory exemption (*see Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y.*, 264 AD2d 101, 102-103 [2000], *lv denied* 95 NY2d 760 [2000]). The Tribunal rationally concluded that it is the driver who is required by regulation to drive the taxi and provide a service; the service is not the provision of the taxi itself (*see* 20 NYCRR 526.6 [c] [7]; *Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y., supra* at 103; *Matter of Helmsley Enters. v Tax Appeals Trib. of State of N.Y.*, 187 AD2d 64, 69 [1993], *lv denied* 81 NY2d 710 [1993]; *Matter of Custom Mgt. Corp. v New York State Tax Commn.*, 148 AD2d 919, 920 [1989]).

We further find that the imposition of a rental car use tax, in addition to a sales tax, was reasonable. Tax Law § 1160 (a) (1) imposes "a tax of five percent upon the receipts from every rental of a passenger car which is a retail sale." Pursuant to Tax Law § 1105 (a), petitioner's lease of a taxi to a driver is a retail sale. Since a rental is defined as "[t]he transfer of possession of a motor vehicle * * * for a consideration, without the transfer of the ownership of such motor vehicle" (Tax Law § 1160 [b] [3]), drivers acquiring a 12-hour possession of these taxis for a fee fall squarely within the parameters of the law. For these reasons, we find the Tribunal's determination to be rational (*see Matter of NewChannels Corp. v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.*, 279 AD2d 164, 167, *supra*). With petitioner failing to sustain his " 'burden [of] demonstrat[ing], by clear and convincing evidence, that the audit methods employed or the tax assessed was unreasonable' " (*Matter of Roebling Liqs. v Commissioner of Taxation & Fin.*, 284 AD2d 669, 672 [2001], *appeal dismissed* 97 NY2d 637 [2001], *cert denied* 537 US 816 [2002], quoting *Matter of Del's*

*Mini Deli v Commissioner of Taxation & Fin.*, 205 AD2d 989, 991 [1994]), we confirm the determination rendered.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.