■ In the Matter of GALILEO INTERNATIONAL PARTNERSHIP et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW YORK et al., Respondents. [820 NYS2d 342]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioners contend that respondent Tax Appeals Tribunal erred in determining that the computer equipment and software they provided to travel agencies under subscriber agreements during two tax periods (i.e., 1991 to 1993 and 1993 to 1996) were taxable as leases of personal property. They argue that the Tribunal failed to apply the "true object test," which they assert would have revealed that the agreements were for nontaxable connectivity services. Alternatively, petitioners urge that, even if the taxable lease of equipment was involved, the Tribunal incorrectly calculated the amount of sales tax on the transactions.

During the early to mid-1990s, petitioners (operating through various interrelated businesses) provided subscribers (mostly travel agents) access to a computer reservations system (hereinafter CRS) through which subscribers could obtain information about and make reservations for flights, car rentals, hotels and cruises. In addition to permitting access to the CRS, petitioners provided subscribers with computer equipment, software, maintenance, support and training. The ownership of the equipment remained with petitioners, as the agreements provided for leasing of equipment and licensing software to the subscribers.

The contracts between petitioners and the travel agency subscribers were framed as either "standard pricing" or "productivity-based" agreements. In standard pricing arrangements, subscribers agreed to pay a monthly fixed charge for services and equipment. That monthly rate was then adjusted by a "credit" based on the volume of reservations generated. The productivity-based arrangement eliminated the monthly fixed charge, but imposed a shortfall penalty if target booking levels were not met. Petitioners collected and remitted sales tax on the net monthly charges and the shortfall charges.

The Department of Taxation and Finance assessed additional sales tax, concluding that petitioners leased equipment and licensed software and that receipts from those leases were subject to sales tax. The Department found that the full amounts of the monthly fixed charges, and not just the net amounts, were subject to tax. Petitioners challenged that determination arguing that the true object of the contracts with the travel agencies was to provide services for which no sales tax was required* and, alternatively, that any tax should be based on the net amount. An Administrative Law Judge sustained the initial determination and the Tribunal affirmed. This proceeding ensued.

It is well settled that our review in tax proceedings is limited. "If the Tribunal's determination is 'rationally based upon and supported by substantial evidence,' it must be confirmed, even if it is reasonably possible to reach a different conclusion" (*Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y.*, 19 AD3d 886, 889 [2005], quoting *Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y.*, 214 AD2d 775, 777 [1995]; *see Matter of Rubin v Tax Appeals Trib. of State of N.Y.*, 29 AD3d 1089, 1090 [2006]). Review of this record reveals that, even if we were to apply a test in the nature of the true object test urged by petitioners (*see generally Matter of Business Statistics Org. v Joseph*, 299 NY 443, 452 [1949]; *Dun & Bradstreet, Inc. v City of New York*, 276 NY 198, 204-205 [1937]; *Booth v City of New York*, 268 App Div 502, 504-505 [1944], *affd* 296 NY 573 [1946]), there is sufficient evidence to support the Tribunal's determination.

The agreements were structured by petitioners as leases of equipment and, indeed, petitioners invoiced and collected taxes on the net amount charged under the leases (*see Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., supra* at 889 [the petitioner bound by tax consequences of form of business transaction chosen]; *Matter of North Shore Cadillac-Oldsmobile, Inc. v Tax Appeals Trib. of State of N.Y.*, 13 AD3d 994, 996 [2004], *lv denied* 5 NY3d 704 [2005]). The contracts repeatedly refer to the equipment as being leased, and a tax manager for petitioners acknowledged that the computer equipment and software were leased. There is evidence reflecting that where the volume of equipment increased, so did the monthly fixed charge on the invoices. If subscribers used equipment from a third party (which was rare), the invoice was zero. Moreover, subscribers were permitted to use the equipment for

---

* Although they had collected sales tax on net charges, petitioners claim they had no obligation to do so under the true object test.

business purposes other than connection to CRS, such as word processing. There was adequate evidence to sustain the Tribunal's conclusion that the transfer of equipment was a lease and that such was a significant part of the transaction, not merely a trivial element of a contract for services.

We next address petitioners' alternative argument that sales tax is due only on the net amount of the monthly fixed charges. Under the Tax Law, a "receipt" is "[t]he amount of the sale price of any property . . . valued in money, whether received in money or otherwise, *including any amount for which credit is allowed by the vendor to the purchaser*" (Tax Law § 1101 [b] [3] [emphasis added]). A discount from receipts that reduces sales tax due generally must be a "reduction in price, such as a trade discount, volume discount or cash and carry discount" (20 NYCRR 526.5 [d] [2]; *cf.* 20 NYCRR 526.5 [c] [1], [2]). Here, the amounts in question were characterized by petitioners in their invoices as credits, which do not reduce the sales price for tax purposes. More importantly, there was ample evidence undergirding the Tribunal's determination that such characterization correctly reflected the reality of the transaction. For example, the credit correlated with the subscriber's ability to generate bookings. The increased bookings generated more fee revenues to petitioners. And, the Tribunal found that "generating bookings in lieu of paying fixed monthly charges . . . was consideration for leasing the equipment." Petitioners failed to establish that their credit constituted a true reduction in receipts as defined in the Tax Law and illustrated by the pertinent regulations.

Petitioners further contend that the fair rental value of the equipment—and not the actual price paid—is the proper measure for the tax. We are unpersuaded. The statute provides that sales tax is based upon the amount of taxable receipts, not fair market value (*see* Tax Law § 1105 [a]). Moreover, where petitioners' own invoices contained a single monthly fixed charge and did not separately itemize a connectivity charge, it was not irrational for the Tribunal to consider each entire monthly fixed charge as a taxable event (*see Matter of Dynamic Tel. Answering Sys. v State Tax Commn.*, 135 AD2d 978, 979 [1987], *lv denied* 71 NY2d 801 [1988]).

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.