■ In the Matter of ECHOSTAR SATELLITE CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [912 NYS2d 757]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained the denial of a sales and use tax refund.

Petitioner is a provider of satellite television programming that conducts business under the name "Dish Network." During the relevant time frame, petitioner purchased equipment needed to provide such programming from manufacturers and supplied the equipment to its customers for a monthly fee that was bundled within its programming charge. Petitioner did not pay sales tax on its purchases of the equipment.

Following an audit, the Department of Taxation and Finance concluded that petitioner's equipment purchases were subject to sales and use tax, and issued a notice of determination assessing approximately $1.8 million in taxes on those purchases for the tax periods March 1, 2000 through February 29, 2004. Petitioner paid the tax assessed under protest, but sought a refund on the ground that its equipment purchases constituted nontaxable purchases "for resale as such" (Tax Law § 1101 [b] [4] [i] [A]) because the equipment was rented to its customers.

Rentals are included in the definition of "sale" (Tax Law § 1101 [5]). Following a hearing, an administrative law judge sustained the notice of determination and, upon appeal, respondent Tax Appeals Tribunal affirmed.* This proceeding ensued.

Petitioner asserts that its equipment purchases were exempt from sales tax as "purchases for resale," and challenges the Tribunal's determination to the contrary. Specifically, petitioner argues that the Tribunal erred in concluding that petitioner leased the equipment to its customers solely as an incident to its primary business of providing satellite television programming—a nontaxable service—rather than purchasing the equipment "for resale as such." Petitioner maintains that it was entitled to the exemption because the equipment retained its separate identity as equipment when leased to customers and it was leased for a designated charge on which its customers paid sales tax. Therefore, petitioner contends, the equipment was not inseparably connected with or incidental to the provision of satellite programming. We disagree.

"As a party seeking the benefit of a statutory exemption to the imposition of sales tax, petitioner had the burden of establishing that its purchases fell within the meaning of the statutory resale exemption in that the items purchased were purchased for the singular purpose of resale" (*Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y.*, 264 AD2d 101, 102-103 [2000], *lv denied* 95 NY2d 760 [2000]; *see* Tax Law § 1132 [c] [1]; *Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d 996, 997 [2010]; *Matter of Helmsley Enters. v Tax Appeals Trib. of State of N.Y.*, 187 AD2d 64, 70 [1993], *lv denied* 81 NY2d 710 [1993]). Our review of the Tribunal's decision that petitioner did not rent the equipment—and thereby resell it to customers within the meaning of the statute—is limited to determining whether that decision is irrational or unreasonable (*see e.g. Matter of Galileo Intl. Partnership v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.*, 31 AD3d 1072, 1074 [2006], *lv denied* 7 NY3d 715 [2006]; *Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y.*, 264 AD2d at 103). Moreover, "[g]reat deference is given to the [Tribunal's] characterization of the transaction" (*Matter of Midland Asphalt Corp. v Chu*, 136 AD2d 851, 853

---

* Consistent with its position that the equipment was purchased for rental to its customers, petitioner billed, collected and remitted—erroneously in the Department's view—approximately $2 million in sales and use taxes on the equipment fees paid by its customers. Petitioner's request for a refund of this money was denied because petitioner had not repaid these funds to its customers.

[1988], *lv denied* 72 NY2d 806 [1988]) inasmuch as "[i]t should not fall within judicial 'decisional analysis' to determine what is or is not a rental" (*Matter of Albany Calcium Light Co. v State Tax Commn.*, 44 NY2d 986, 988 [1978]; *see generally Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]).

As noted by the Tribunal, an item is purchased for resale within the meaning of the statute when the purchaser "acquires [the] item *for the purpose* of sale or rental" (*Matter of Albany Calcium Light Co. v State Tax Commn.*, 44 NY2d at 987 [emphasis added]; *see Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y.*, 264 AD2d at 103; *Matter of Custom Mgt. Corp. v New York State Tax Commn.*, 148 AD2d 919, 920 [1989]). In our view, the Tribunal rationally determined that petitioner did not acquire the equipment for the purpose of rental to its customers. Rather, as the Tribunal concluded, petitioner's primary purpose is to provide satellite television service and it used the equipment to supply that service to its customers.

Indeed, petitioner's witness, senior accounting manager Timothy Beggs, testified that customers wishing to receive petitioner's service were required to either purchase or lease the equipment from petitioner. Customers could not use the equipment to obtain satellite television service from any other providers, and the equipment had no use apart from receiving petitioner's programming service. Petitioner repossessed the equipment when programming service terminated—not when equipment rental terminated. At that point it would retire the equipment as an asset on its books until it was "redeployed." Under these circumstances, the equipment "was provided as a part of petitioner's services and . . . the additional charge [in its monthly bills] was merely an 'add-on' for the use of the equipment, not a true rental" (*Matter of Midland Asphalt Corp. v Chu*, 136 AD2d at 853; *see Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d at 997). That is, the equipment was "purely incidental" and "inseparably connected to petitioner's essential business" of providing satellite television programming "and, therefore, furnishing those items cannot be considered separate transactions for sales tax purposes" (*Matter of Helmsley Enters. v Tax Appeals Trib. of State of N.Y.*, 187 AD2d at 69 [internal quotation marks and citation omitted]; *cf. Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 622-623 [1980]; *Matter of Galileo Intl. Partnership v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.*, 31 AD3d at 1074-1075).

Petitioner's remaining arguments are either unpreserved or, upon consideration, have been found to lack merit.

Peters, Rose, Malone Jr. and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.