Aarons, J.
 

 Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.
 

 Petitioner Washington Square Hotel LLC is a hotel that provided its guests with a continental breakfast that it purchased from Cafe C-III, a restaurant on its premises. Following an audit covering the period from December 2007 to May 2010, the Department of Taxation and Finance issued a notice of determination assessing Washington Square with an additional tax due of $323,865.53 plus interest. This assessment included an amount stemming from the Department’s finding that Washington Square was not entitled to claim a tax credit for the sales tax it paid upon the purchase of the continental breakfasts from Cafe C-III because such breakfasts were not resold to guests. Washington Square subsequently applied for a refund in the amount of $22,314.59 for the period from December 2011 to February 2012, claiming that it paid such sum in protest and was entitled to a tax credit for the continental breakfasts it purchased for resale. The Department denied this request and Washington Square filed an exception thereto. Following a hearing, an Administrative Law Judge found the tax assessment to be proper. Respondent Tax Appeals Tribunal upheld that determination. Washington Square thereafter commenced this CPLR article 78 proceeding in this Court. We confirm.
 

 Generally, sales tax must be paid upon the sale of all tangible personal property (see Tax Law § 1105 [a]). However, “[c]ertain purchases which are made for resale are not subject to sales tax” (Matter of Greene & Kellogg v Chu, 134 AD2d 755, 756 [1987]; see Matter of EchoStar Satellite Corp. v Tax Appeals Trib. of the State of N.Y., 20 NY3d 286, 290 [2012]). As such, a reseller may claim a tax credit for sales tax it paid upon purchases of personal property that will be resold (see Tax Law §§ 1101 [b] [4] [i] [A]; 1119 [c]). “Where the question is whether certain purchases are entitled to the resale exemption, the purchaser must show, to avoid imposition of the sales tax on the entire transaction, that each of the items was purchased for one and only one purpose: resale” (Matter of P-H Fine Arts v New York State Tax Appeals Trib., 227 AD2d 683, 685 [1996] [internal quotation marks, brackets and citations omitted], lv denied 89 NY2d 804 [1996]; see Matter of Albany Calcium Light Co. v State Tax Commn., 44 NY2d 986, 987 [1978]; Matter of Custom Mgt. Corp. v New York State Tax Commn., 148 AD2d 919, 920 [1989]; Matter of Levine v State Tax Commn., 144 AD2d 209, 210 [1988]).
 

 We conclude that Washington Square failed to satisfy its burden of establishing its entitlement to the benefit of the resale tax exemption (see Matter of Statharos v Tax Appeals Trib. of State of N.Y., 306 AD2d 650, 652 [2003]). According to the hearing testimony of Washington Square’s chief executive officer, Washington Square purchased continental breakfasts from Cafe C-III and such breakfasts were included in the hotel rental fee paid by the guests. Washington Square paid Cafe C-III regardless of whether a guest consumed the continental breakfast. More critically, the chief executive officer also stated that hotel guests would not be separately billed for the continental breakfasts (see Matter of Atlas Linen Supply Co. v Chu, 149 AD2d 824, 825 [1989], lv denied 74 NY2d 616 [1989]). An auditor likewise testified that there was no separate charge to guests for the continental breakfasts and that guests were not given an option to decline such breakfasts in order to receive a lower rate for a hotel room. The documentary evidence further confirmed that continental breakfasts were included in each hotel rental fee paid by a guest. Because the record shows that the continental breakfasts purchased by Washington Square from Cafe C-III were provided to guests as part of the hotel rental rate and not resold to them (see Matter of West Val. Nuclear Servs. Co. v Tax Appeals Trib. of State of N.Y., 264 AD2d 101, 103 [2000], lv denied 95 NY2d 760 [2000]; Matter of Helmsley Enters. v Tax Appeals Trib. of State of N.Y., 187 AD2d 64, 69 [1993], lv denied 81 NY2d 710 [1993]; Matter of Greene & Kellogg v Chu, 134 AD2d at 757), the Tribunal’s determination that Washington Square cannot claim the benefit of the resale tax exemption “has a rational basis and is sup ported by substantial evidence,” despite there being evidence in the record that would support a contrary result (Matter of Jay’s Distribs., Inc. v Boone, 148 AD3d 1237, 1237 [2017], lv denied 29 NY3d 918 [2017]; see Matter of U-Need-A-Roll Off Corp. v New York State Tax Commn., 67 NY2d 690, 692 [1986]; Matter of American Food & Vending Corp. v New York State Tax Appeals Trib., 144 AD3d 1227, 1228 [2016]).
 

 Nor do we find any merit in Washington Square’s equitable estoppel argument. “[T]he doctrine of estoppel does not apply in tax cases unless unusual circumstances support a finding of manifest injustice” (Matter of Ryan v Tax Appeals Trib. of the State of N.Y., 133 AD3d 929, 930 [2015] [internal quotation marks and citations omitted]; see Matter of Rashbaum v Tax Appeals Trib. of State of N.Y., 229 AD2d 723, 725 [1996]; Matter of Manhattan Cable Tel. v New York State Tax Commn., 137 AD2d 925, 926 [1988], lv denied and appeal dismissed 72 NY2d 808, 839 [1988]). The fact that Washington Square, in a prior audit, was not imposed an additional tax assessment where it sought the same tax credit as in this case does not rise to the level of a manifest injustice especially in light of the auditor’s testimony that each audit stands on its own and does not bind a future audit (see generally Matter of New York State Med. Transporters Assn. v Perales, 77 NY2d 126, 130-131 [1990]). Washington Square’s reliance on an audit of Cafe C-III is likewise unavailing.
 

 Garry, J.P., Devine, Mulvey and Rumsey, JJ., concur.
 

 Adjudged that the determination is confirmed, without costs, and petition dismissed.