ELLIOTT GLUSHAK, Respondent, *v.* CITY OF NEW YORK, et al.,
Appellants.

First Department, September 30, 1958.

*Isidore Friedman* of counsel (*Stanley Buchsbaum* with him
on the brief; *Peter Campbell Brown, Corporation Counsel,* attor-
ney), for appellants.

*Lewis Perkiss* for respondent.

McNALLY, J. This is an appeal from an order denying defend-
ants' motion to dismiss the complaint pursuant to rules 107, 113
and 212 of the Rules of Civil Practice.

The action is for a declaratory judgment adjudging that plain-
tiff's transactions are not subject to the New York City Sales
Tax Law and to vacate and restrain the collection of a warrant

for sales tax covering the period September, 1954 to November, 1955. The warrant was based upon an unpaid sales tax return filed by plaintiff.

The principal issue in this case is whether the New York City Sales Tax applies to the receipts of plaintiff who prepares pictorial representations of proposed buildings from plans given to him by builders and professional architects. Plaintiff charges a lump sum for the drawings or pictures which he unconditionally transfers to the architect or builder. Nevertheless, plaintiff, who is not a licensed architect, contends that, in addition to providing the picture or rendering, he gives advice to architects for whom he provides the rendering and that, therefore, the payment to him is for performing nontaxable professional services.

The other issue in this case is whether the record presents any triable issue of fact sufficient to defeat a motion for summary judgment. Defendants contend that the facts in plaintiff's affidavit do not conflict with the facts set forth by them.

Plaintiff originally inquired in writing of the City Collector whether or not, describing the nature of his business, his receipts from renderings were subject to the New York City Sales Tax. Plaintiff's letter explained that a rendering is the illustration of what a building will eventually look like. Plaintiff was advised that his receipts were taxable. He then filed a return showing the amount of $282.60 principal of tax due. This amount included taxes actually charged and collected by plaintiff from his clients. He did not pay the tax and a warrant for the tax, plus interest and penalties, was docketed against him. Thereafter he submitted a purported amended return.

The facts stated in plaintiff's papers are substantially as follows:

Plaintiff draws pictures or illustrations of proposed buildings from plans submitted to him by architects and builders. The drawings are in perspective and may be in color or black and white. They are termed renderings. These renderings are used to demonstrate visually the proposed structure as well as the kind of materials to be used in the building. Many architectural firms have renderers in their employ and resort to free-lance renderers, like plaintiff, when short of help or a particular type of skill is required.

A skilled renderer is one who, in addition to artistic ability, has knowledge of and training in architecture. He must be able to handle the usual art materials such as paints and brushes, and also architectural and engineering instruments. Plaintiff possesses this knowledge and skill.

It is not denied that the architect, not the renderer, determines the design and plan of the structure. Plaintiff admits that it is not part of his work to draft the original conception of a structure. In most instances the design and plan of the building are determined before the rendering is made. Occasional changes in the plan and design may be made by the architect as a result of the rendering. On the other hand, buildings may be planned and erected without renderings being made.

The renderings are usually ordered informally by telephone. On occasions a written order is given. In either event the architect or builder informs plaintiff of the type of building to be depicted, the desired perspective, the colors to be used, the medium in which the drawing is to be made, the view to be shown and the kind of materials which will be used in the construction. Plaintiff is then given the plans for the building. Plaintiff often uses his own judgment in landscaping designs.

Plaintiff states that his work is always a matter of consultation with the architects. The object of this consultation is to get the best possible presentation of a given structure and it does not involve the drafting of the original conception of a structure. Consultation develops the type and color of materials, the location of doors and windows, the architectural features which the architect or builder wants emphasized, and the overall effect which the architect or builder wants the rendering to achieve.

The rendering, when completed, is given to the architect or builder by the plaintiff and plaintiff retains no right or interest therein.

Another contention by plaintiff is that he uses professional judgment in his work when he interprets the plans for a building. This, however, is required of any artist and plaintiff himself describes his technique as such used by an artist or photographer.

Plaintiff attempts to equate his work with that of an architect. It is clear that a renderer is not engaged in the practice of architecture, and that experience as a renderer does not satisfy the experience requirements for a license as an architect.

Plaintiff is a specialized artist. He uses his knowledge of architectural principles to make renderings of buildings as they will appear when completed. The renderings enable the architect to show clients how the proposed structure would look when completed. They are also used extensively for advertising and publicity purposes. The architect often fulfills his own obligation to submit such a rendering when he presents his plans and specifications to his own client.

*Matter of Hillman Periodicals* v. *Gerosa* (285 App. Div. 441, affd. 308 N. Y. 982) is decisive of the issues herein. There the sales tax was applied to commercial illustrators who contracted to draw illustrations for books and transferred the final drawings to their customers. In that case, this court, holding that artists who transfer their pictures to their customers are engaged in making sales, said (p. 442): " The artists, who were the vendors under their contracts with petitioner, ' vested ' all rights in petitioner, ' assigned all right, title and interest ' in the material to petitioner and clearly retained no rights whatsoever in the finished products." Emphasizing that the skill and services required to make the drawings could not be separated therefrom for sales tax treatment, this court further stated (p. 442): " Here there was an integration of the services rendered into tangible personal properties which were sold irrevocably to petitioner."

In *Hillman,* the petitioner also contended that the sales tax was inapplicable because the value of the artists' time, labor and skill far exceeded the value of the physical ingredients of the drawing and because the drawing was valueless to anyone but the persons who ordered it. This court rejected those contentions, pointing out that the sales tax law and regulations made no such distinctions (pp. 442–443): " The statutes and implementing Sales Tax Regulations, in imposing the tax, do not recognize a variance, no matter how discrepant, between the value of the services and the value of the personal property into which they are integrated. Nor do they take account of whether the product is virtually valueless to anyone but the purchaser (Administrative Code, § N41–1.0, *et seq.,* particularly subd. 7 thereof; N. Y. City Sales Tax Rules & Regulations, arts. 70, 76)." (See, also, *People ex rel. Walker Engraving Corp.* v. *Graves,* 243 App. Div. 652, affd. 268 N. Y. 648; *People ex rel. Foremost Studio* v. *Graves,* 246 App. Div. 130.)

Plaintiff insists that he comes within the provision of the enabling act which prohibits the city from applying the sales tax to professional services. Assuming that the exception relates to renderings involved herein, as previously stated, he is not a licensed architect. His claim to professional status derives from the fact that he works in a field related to that of a recognized profession. The status of a professional within the meaning of the enabling act (L. 1934, ch. 873, as amd.) does not include persons who, while working in fields related to recognized professions, have not yet achieved that recognition themselves. (*Matter of Oyer* v. *State Tax Comm.,* 2 N Y 2d 942; *Matter of*

*Traub* v. *Goodrich,* 2 N Y 2d 759; *Matter of Booz* v. *Bragalini,* 2 A D 2d 639.)

We hold, on the undisputed facts, that the plaintiff is engaged in selling tangible personal property within the meaning of the New York City Sales Tax Law. Accordingly, the order appealed from should be reversed and the complaint dismissed on the law, with costs.

BOTEIN P. J., BREITEL, RABIN and M. M. FRANK, JJ., concur.

Order unanimously reversed on the law, with $20 costs and disbursements to the appellants, and the motion granted, and the clerk is directed to enter judgment in favor of the defendants dismissing the complaint, on the law, with costs.