■ In the Matter of La Cascade, Inc., Petitioner, v State Tax Commission, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a New York State sales tax assessment imposed pursuant to article 28 of the Tax Law. During the period at issue in this proceeding, December 1, 1973 through November 30, 1976, petitioner La Cascade, Inc., operated a resort hotel at Haines Falls, New York, and solicited vacationers from the New York City area for package trips to its hotel. Potential customers from this area were given a prospectus offering lodging, meals and transportation, at a lump-sum rate which included taxes and a service charge, and at the conclusion of a guest's stay, he or she would receive an invoice stating the lump-sum amount due. The invoice would contain no itemization of the charges for transportation, sales tax or service charge, but would be stamped with a statement that the amount due included charges for these items. When the Sales Tax Bureau of the State Department of Taxation and Finance (hereinafter department) subsequently conducted an audit of petitioner, it determined that petitioner owed $13,047.84 for unpaid sales tax for the period at issue plus interest and penalties totaling $6,499.23, for a total amount due of $19,547.07. To challenge this assessment, petitioner filed a petition with respondent State Tax Commission wherein it asserted, *inter alia,* that the department incorrectly determined that the invoices presented to guests did not clearly identify each charge in accordance with the disclosure requirements of the Tax Law and regulations and incorrectly included in petitioner's gross receipts subject to sales tax amounts which represented transportation charges, service charges and sales taxes collected by petitioner from its guests. Following a hearing on the dispute, respondent State Tax Commission agreed with petitioner's contention that penalties and interest in excess of the minimum statutory rate had been imposed upon petitioner, and the excess penalties and interest were canceled. Insofar as petitioner sought relief from the underlying sales tax assessment, however, its petition was denied, and the instant proceeding then was commenced and transferred to this court for resolution.

We hold that the challenged determination should be confirmed and, in so ruling, find without merit petitioner's assertion that transportation charges for its guests from the New York City area were incorrectly included in its gross receipts subject to sales tax. Examination of the record reveals evidence indicating that the usual mode of transportation for petitioner's guests paying a lump-sum rate was either common carrier or private bus charter and that only those guests had their transportation expenses paid by petitioner. Moreover, the prospectus given to potential customers specifically stated that petitioner provided free group transportation from the New York City area. Such being the case, even though there is also other evidence suggesting that a transportation charge was included in the lump-sum rate paid by some of petitioner's guests, it was not unreasonable for respondent to conclude that sums expended by petitioner to pay customers' transportation costs actually constituted expenses incurred by petitioner in making sales, and such expenses are not deductible from petitioner's receipts subject to the sales tax (see Tax Law, § 1101, subd [b], par [3]; 20 NYCRR 526.5 [e]). Given these circumstances, respondent did not erroneously include transportation charges in petitioner's taxable gross receipts (see *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Similarly unpersuasive is petitioner's contention that gratuities or service charges allegedly paid by its customers in the subject lump-sum rate were exempt from the sales tax and incorrectly included in its taxable gross receipts by respondent. Although such charges may not be taxable in circumstances where they are separately stated on an invoice given to a customer and are specifically designated as a gratuity and actually paid to employees (see 20 NYCRR 527.8 [*l*]), in this instance the alleged service charge was not separately stated on the customers' invoices nor was it specifically designated as a gratuity. As a result, the subject charge was taxable as a portion of petitioner's gross receipts (Tax Law, § 1105, subds [d], [e]). Petitioner's further claim that the lump-sum included amounts attributable to sales tax, which amounts should be exempt from the sales tax, is also lacking in substance. Here again petitioner failed to comply with the pertinent legal requirements in that the alleged amounts of sales tax were not "stated, charged and shown separately" on the customers' invoices (Tax Law, § 1132, subd [a]). Pursuant to subdivision (c) of section 1132 of the Tax Law, therefore, all of petitioner's gross receipts are presumed to be subject to the sales tax, and petitioner has not carried its burden of showing that any portion thereof is not subject to the tax (see *Matter of Sverdlow v Bates,* 283 App Div 487). Lastly, petitioner's argument that it correctly calculated its sales tax due in accordance with the unit price method prescribed in Technical Services Bureau Memorandum TSB-M-79 (see 2 CCH State Tax Reporter, New York, par 66-085) likewise provides no support for its position. Not only was this memorandum issued on December 3, 1979, long after the time period presently under review, but also it is by its express terms inapplicable to the present situation wherein petitioner gave each of its customers a written receipt. Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.