■ In the Matter of DYNAMIC TELEPHONE ANSWERING SYSTEMS, INC., Appellant, v STATE TAX COMMISSION, Respondent. —Levine, J. Appeal from a judgment of the Supreme Court (Prior, Jr., J.), entered March 12, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner is engaged in the business of renting telephone answering equipment and providing related operator services. The recorded message on the answering machine refers emergency callers to an answering service which utilizes live operators. A basic monthly service charge of $25 covers rental of the answering equipment and 40 "free" calls to the operator service. The invoices separately state charges for operator services which exceed the number of calls included in the basic service charge. Petitioner collected sales tax on only that part of the service charge which, in its judgment, was attributable to equipment rental. No tax was collected on the balance of the flat fee, which petitioner claims related to the operator service. In determining that the basic service charge could be apportioned in this manner, petitioner claims, inter alia, to have relied on a letter from the Instructions and Interpretations Unit of the Department of Taxation and Finance.

In 1983, the Department's Audit Division determined that petitioner was liable for unpaid sales and use taxes for the period from March 1, 1980 to August 31, 1982. This assessment was based on the finding that petitioner failed to collect and remit sales tax on the total amount charged as the basic monthly service fee. A petition was filed challenging the assessment. Following a hearing on the matter, respondent upheld the assessment. Petitioner then commenced the instant CPLR article 78 proceeding to review respondent's determination. Supreme Court confirmed respondent's decision and dismissed the petition. This appeal ensued.

Sales taxes are imposed on the retail sales of tangible

personal property (Tax Law § 1105 [a]). The rental or leasing of such personal property constitutes a retail sale for tax purposes (Tax Law § 1101 [b] [4], [5]). Thus, petitioner is required to collect sales tax on the amount it charges for the rental of telephone answering machine equipment. Petitioner's invoices show a single monthly service charge which includes the equipment rental fee and the first 40 calls to the operator service. On appeal petitioner claims that respondent erred in determining that the entire service charge was taxable since that portion of the charge which is for the operator service is exempt from sales tax (see, Tax Law § 1105 [c] [1]; 20 NYCRR 527.3 [b] [2], [3]).

Where an exemption is claimed to be applicable to an otherwise taxable transaction, the burden is on the taxpayer to show " '[a] provision of law plainly giving the exemption' " (see, Matter of Grace v New York State Tax Commn., 37 NY2d 193, 196, quoting People ex rel. Savings Bank v Coleman, 135 NY 231, 234). Even assuming that, as petitioner contends, the operator services, if charged separately, would be exempt from sales tax, petitioner still had the burden of proof to overcome the assessment which was based on the single, unapportioned charge. Respondent was not bound to accept petitioner's estimation of the per-call value of the operator service and was free to consider the entire basic charge taxable where petitioner failed to itemize the relative costs of equipment rental and the operator service on its invoices (see, Matter of La Cascade, Inc. v State Tax Commn., 91 AD2d 784, 785). Moreover, petitioner's contention, that the 40 calls included in the basic service charge have an actual value of 50 cents each, is undermined by the fact that these calls are advertised to the customers as "free", and the customers' bills are not reduced when the total number of operator calls is less than 40.

Respondent has broad authority to determine the taxability of receipts (see, Tax Law § 1142 [4]) and, in view of this authority, we cannot say that respondent's interpretation of 20 NYCRR 527.1 (b) in this case was irrational. The case relied on by petitioner, Matter of Mertz v State Tax Commn. (89 AD2d 396), does not dictate a different result. In Mertz, this court held brokers' fees to be nontaxable even though they were included in the total price paid by the petitioner, where such fees were a 25% markup on the price of the transaction and were thus a readily discernible portion of the receipt.

We also reject petitioner's contention that respondent should be estopped from collecting sales tax on the total

service charge since petitioner claims it was misled by the Department's advisory letter. The second numbered paragraph of that letter states that petitioner's "total monthly charge of $25.00 is subject to tax". If petitioner was confused by the letter, it was incumbent upon petitioner to make further inquiry *(see, Barrett v Commissioner of Internal Revenue,* 42 TC 993, 1000, *affd* 348 F2d 916).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.