■ In the Matter of ARTEX SYSTEMS, INC., et al., Petitioners, v MICHAEL URBACH, as Commissioner of the New York State Department of Taxation and Finance, et al., Respondents. [676

NYS2d 284] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a deficiency of sales and use taxes imposed under Tax Law articles 28 and 29.

In 1990 petitioner Artex Systems, Inc., a Canadian corporation, entered into a $5.8 million lump-sum subcontract with Tishman Construction Corporation to provide limestone veneer precast concrete panels for the outside facade of the Regent Hotel that was being constructed in New York City. Thereafter, following a field audit wherein the auditor determined that the subcontract was one for the sale of tangible personal property and that all receipts relating thereto were subject to sales tax, the Division of Taxation and Finance issued notices of determination to petitioners for the period June 1, 1990 through August 31, 1992 assessing sales and use taxes in the amount of $270,033. On administrative appeal, the Administrative Law Judge found that the auditor erred in including four categories of receipts* as taxable receipts but otherwise sustained the assessment. Respondent Tax Appeals Tribunal affirmed the determination, prompting petitioners to commence this CPLR article 78 proceeding.

Claiming that the audit was based on an estimation of taxes, petitioners maintain that the Tribunal's determination must be annulled given our holdings that a tax may not be estimated on the basis of external indices where a taxpayer's records are adequate to permit a direct audit (*see, Matter of Mercy Hosp. v New York State Dept. of Social Servs.*, 79 NY2d 197, 205). This argument lacks substance since the record shows that the auditor did not estimate Artex's taxable receipts or utilize a methodology for doing so, but conducted a direct audit utilizing Artex's records, principally the subcontract and 23 sales invoices issued during the audit period. We also reject petitioners' argument that the audit was fatally flawed because of the auditor's errors, particularly as the improperly included receipts represented only 8% of the total receipts (*see, Matter of Koren-Di Resta Constr. Co. v State Tax Commn.*, 138 AD2d 909, 911, *lv denied* 72 NY2d 805; *Matter of Scarpulla v State Tax Commn.*, 120 AD2d 842).

In addition to the exclusion of the four categories of receipts, petitioners maintain that certain engineering fees and

---

* These categories were sales tax paid to New York, customs duties, cost of a mock-up manufactured in Canada and shipped to Florida, together with associated transportation costs, and the cost of shipping limestone from Montreal to Toronto.

transportation costs should also have been excluded. Having found that the audit was properly conducted, petitioners have the burden of establishing by clear and convincing evidence that these items are nontaxable receipts (*see, Matter of Mobley v Tax Appeals Tribunal*, 177 AD2d 797, 799, *appeal dismissed* 79 NY2d 978; *compare, Matter of King Crab Rest. v Chu*, 134 AD2d 51, 54). For the reasons that follow we conclude that petitioners have not satisfied this burden and, accordingly, we confirm.

In conjunction with its performance of the subcontract, petitioners retained a New York State licensed professional engineer to review the engineering drawings and to oversee the installation of the panels. While Tax Law § 1105 (c) (7) does provide an exemption for the fees of a New York licensed professional engineer, we agree with the Tribunal that in this case the engineer's fees were a nondeductible item of expense (*see,* Tax Law § 1101 [b] [3]) since his services were not rendered in a separate transaction; rather they were an integral component of the subcontract which required petitioners, *inter alia,* to provide all engineering necessary for the furnishing of the panels (*see, Matter of Atlas Linen Supply Co. v Chu*, 149 AD2d 824, *lv denied* 74 NY2d 616; *Matter of Penfold v State Tax Commn.*, 114 AD2d 696; *Glushak v City of New York*, 6 AD2d 381, 384; *see also,* 101 NY Jur 2d, Taxation, § 1645, at 133-134). Further, even if the fees were not an expense item, when services of both a taxable and nontaxable nature are performed, the tax is required to be charged on the total amount of the invoice where, as here, the charges for taxable and nontaxable services are not separately stated (*see, Matter of Zagoren Group*, Tax Appeals Tribunal, NY ST Tax Rep [CCH] P 401-535 [May 19, 1994]).

Until September 1, 1991, Tax Law § 1101 (b) (former [3]) provided that the cost of transportation was not a taxable receipt if such cost was separately stated in the written contract and on the bill rendered to the purchaser. Neither of these conditions was satisfied here and, thus, the Tribunal's determination not to exclude petitioners' transportation costs has a rational basis. Accordingly, we must sustain it (*see, Matter of Callicutt v New York State Commr. of Taxation & Fin.*, 241 AD2d 778).

Lastly, there is no record support for petitioners' contention that the receipts from the change orders were counted twice. Moreover, petitioners approved the auditors' final work papers and schedules insofar as they correctly listed the receipts.

Mikoll, J. P., Mercure, Peters and Carpinello, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.