■ In the Matter of LAKE GROVE ENTERTAINMENT, LLC, Petitioner, v ROBERT L. MEGNA, as Commissioner of Taxation and Finance, et al., Respondents. [917 NYS2d 725]—

Mercure, J.P. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which, among other things, sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner operated a large entertainment complex featuring a variety of activities, including bowling, ice skating, rock climbing, a roller coaster, and token-operated games. In addition to individual and group sales, petitioner offered party packages

that included food, beverages and unlimited access to certain activities for a specified period of time. The purchase price for the party packages was on a per person basis, and invoices listed a total price based upon the type of party and number of attendees, but did not show sales tax. Following an audit of petitioner's business operations from 2001 to 2004, the Department of Taxation and Finance (hereinafter Department) assessed sales and use taxes on petitioner's party package sales in the amount of $157,318.28 plus interest.* Following a hearing, an Administrative Law Judge sustained the notice of deficiency and, upon petitioner's appeal, respondent Tax Appeals Tribunal affirmed. Petitioner then commenced this CPLR article 78 proceeding challenging the Tribunal's determination, and we now confirm.

In reviewing petitioner's challenge to the Tribunal's determination that it was required to remit sales tax on the full amount charged for party packages, our function is limited (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984]). The Tribunal's determination will be confirmed if it is supported by a rational basis, even if a different conclusion would have been reasonable (*see id.*; *Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y.*, 19 AD3d 886, 889 [2005]). Moreover, the Tribunal's interpretation of the statutes at issue, which the Department administers, is entitled to deference inasmuch as matters within the Department's expertise are involved, rather than questions of pure statutory interpretation (*see Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d at 400; *Matter of 21 Club, Inc. v Tax Appeals Trib. of State of N.Y.*, 69 AD3d 996, 997 [2010]). The taxpayer seeking an exemption bears the burden of demonstrating entitlement (*see Matter of XO N.Y., Inc. v Commissioner of Taxation & Fin.*, 51 AD3d 1154, 1154-1155 [2008]).

Here, certain components of petitioner's party packages—such as the participatory sports of bowling and ice skating—would not be subject to sales tax if sold separately, while others would remain taxable (*see* Tax Law § 1105 [d]; [f] [1]). Petitioner internally segregated the taxable and nontaxable portions of the total charge and remitted the sales tax that it deemed to be included in the taxable portions of the party package price with

---

* At the administrative hearing, petitioner agreed not to challenge an additional $49,398.21 assessed on its asset and expense purchases. Furthermore, petitioner raises no separate challenges in its brief regarding the assessment of $1,494.24 on its group party sales and, thus, any arguments that it might make in that regard are deemed abandoned (*see Costa v Callahan*, 41 AD3d 1111, 1117 [2007]).

the filing of its sales tax returns. Although petitioner's advertising materials stated that the party packages were "subject to applicable sales tax," it provided customers with an invoice setting forth a single, unapportioned charge, without separately stating the sales tax or distinguishing between the taxable and nontaxable portion of the overall charge.

Under these circumstances—i.e., when items or services of both a taxable and nontaxable nature are provided—sales "tax is required to be charged on the total amount of the invoice . . . [if] the charges for taxable and nontaxable services are not separately stated" (*Matter of Artex Sys. v Urbach*, 252 AD2d 750, 752 [1998]; *see* 20 NYCRR 527.1 [b]; *Matter of Dynamic Tel. Answering Sys. v State Tax Commn.*, 135 AD2d 978, 979 [1987], *lv denied* 71 NY2d 801 [1988]; *Matter of La Cascade, Inc. v State Tax Commn.*, 91 AD2d 784, 785 [1982]). Furthermore, Tax Law § 1132 (a) (1) provides that when a customer is given a receipt or invoice, the sales tax must be "stated, charged and shown separately." A statement that applicable taxes are included on an invoice or other document "is insufficient to satisfy this requirement, and the entire amount charged is deemed to be the sales price" of the items or services sold (*Matter of Noar Trucking Co. v State Tax Commn.*, 139 AD2d 869, 871-872 [1988]; *see* 20 NYCRR 532.1 [b] [3]). In our view, substantial evidence supports the Tribunal's determination that petitioner's party packages consisted of a single, integrated transaction, and that petitioner provided its customers with invoices that did not separately set forth the sales tax. Accordingly, the Tribunal rationally concluded that the entire party package amount charged was subject to sales tax.

Finally, we reject petitioner's arguments that the consents executed by its representatives were ineffective to extend the statute of limitations for the assessment (*see* Tax Law § 1147 [c]).

Peters, Spain, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.