*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   November 3, 2016                  522043
_____

In the Matter of AMERICAN FOOD
    & VENDING CORPORATION,
                    Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

NEW YORK STATE TAX APPEALS
    TRIBUNAL et al.,
                    Respondents.
_____

Calendar Date:   September 14, 2016

Before:   McCarthy, J.P., Lynch, Rose, Devine and Mulvey, JJ.

                    _____

        Bond, Schoeneck & King PLLC, Syracuse (Jonathan B. Fellows
of counsel), for petitioner.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth
of counsel), for Commissioner of Taxation and Finance,
respondent.

                    _____

Mulvey, J.

        Proceeding pursuant to CPLR article 78 (initiated in this
Court pursuant to Tax Law § 2016) to review a determination of
respondent Tax Appeals Tribunal sustaining tax assessments
imposed under Tax Law articles 28 and 29.

        Petitioner is a New York corporation in the business of
providing culinary and refreshment services to educational
institutions, sports arenas, hospitals, corporations and other
businesses.  In 2003, petitioner's principal place of business
(hereinafter the facility) was in Onondaga County within an
established empire zone.  Petitioner was certified as a qualified

empire zone enterprise (hereinafter QEZE) and received a QEZE sales tax certification that enabled it to "receive sales and use tax exemptions on purchases of certain property and services to be used or consumed within empire zones in which it has been certified to receive benefits under . . . General Municipal Law [article 18-B]." In 2011, following an audit, the Department of Taxation and Finance issued petitioner a notice of determination for a period between 2007 and 2009 relative to vending machines purchased by petitioner and installed in locations around the state.[1] Petitioner disputed the assessment and filed for a determination of its sales and use taxes under Tax Law articles 28 and 29. Petitioner claims that it had been unduly taxed $66,699 as Tax Law former § 1115 (z) (1) established an exemption from sales and use taxes for QEZEs (see Tax Law §§ 1105, 1110).[2]

After a hearing in 2014, an Administrative Law Judge (hereinafter ALJ) issued a determination, finding that, as petitioner's "vending equipment was used predominantly outside of its empire zone, [it did] not [meet] its burden of showing clear and unambiguous entitlement to the exemption." Petitioner filed an exception to the ALJ's determination and, after a hearing, respondent Tax Appeals Tribunal affirmed the ALJ's determination. Petitioner then commenced this proceeding seeking, among other things, to annul the Tribunal's determination.

Petitioner contends that the Tribunal improperly interpreted the statute and that it demonstrated its entitlement

---

[1] Petitioner's filing claimed the relevant period was from 2006 to 2009; however, the relevant period in the notice of determination, representing the period of time that petitioner disputed, was from 2007 to 2009.

[2] Although Tax Law § 1115 (z) (1) was repealed in 2009 (see L 2009, ch 57, eff Sept. 1, 2009), for the purposes of this decision we address the statute as in effect prior to its repeal since the matter at issue herein pertains to a period prior to its repeal.

to the Tax Law former § 1115 (z) (1) exemption when it established that the vending machines were initially delivered to its facility and maintained and repaired there by employees of the facility. Respondent Commissioner of Taxation and Finance argues that the Tribunal properly denied petitioner the exemption because petitioner did not, under the meaning of the statute, predominantly use the vending machines within its empire zone facility and the Tribunal's interpretation of Tax Law former § 1115 (z) (1) was consistent with the empire zone enterprise program, as established by General Municipal Law article 18-B.

"[O]ur review of a determination of the Tribunal is limited. If the 'determination is rationally based upon and supported by substantial evidence [it] must be confirmed'" (Matter of Sherwin-Williams Co. v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y., 12 AD3d 112, 117 [2004] [ellipsis and internal citations omitted], lv denied 4 NY3d 709 [2005], quoting Matter of Transervice Lease Corp. v Tax Appeals Trib. of State of N.Y., 214 AD2d 775, 777 [1995]), even if a different conclusion is reasonable (see Matter of Lake Grove Entertainment, LLC v Megna, 81 AD3d 1191, 1192 [2011]; Matter of CS Integrated, LLC v Tax Appeals Trib. of State of N.Y., 19 AD3d 886, 889 [2005]. We start with the well-established rule that "[s]tatutes are to be construed according to the ordinary meaning of their words" and in accord with their legislative intent (Matter of Morris Bldrs., LP v Empire Zone Designation Bd., 95 AD3d 1381, 1383 [2012] [internal quotation marks and citations omitted], affd 21 NY3d 233 [2013]; see Matter of Markus v Assessors of Town of Taghkanic, 24 AD3d 1066, 1067 [2005], lv denied 6 NY3d 709 [2006]), and "where the language of a statute is clear and unambiguous, courts must give effect to its plain meaning" (Matter of Charter Dev. Co., L.L.C. v City of Buffalo, 6 NY3d 578, 581 [2006] [internal quotation marks, brackets and citation omitted]). "[T]ax statutes authorizing exemptions are strictly construed against the taxpayer, who bears the burden of demonstrating unambiguous entitlement to such exemption" (Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y., 98 AD3d 796, 798 [2012], lv denied 20 NY3d 860 [2013]; see People ex rel. Savings Bank of New London v Coleman, 135 NY 231, 234 [1892]; Matter of Atlas Van Lines, Inc. v Tax Appeals Trib. of the State of N.Y., 123 AD3d 168, 172 [2014], lv denied 24 NY3d

915 [2015]; Matter of 677 New Loudon Corp. v State of N.Y. Tax
Appeals Trib., 85 AD3d 1341, 1342 [2011], affd 19 NY3d 1058
[2012], cert denied 571 US ___, 134 S Ct 422 [2013]).  However,
"the interpretation should not be so narrow and literal as to
defeat [the provision's] settled purpose" (Matter of United
Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y., 98
AD3d at 798 [internal quotation marks and citations omitted]).

        We confirm.  The Tribunal properly stated the issue as
"[w]hether petitioner's purchases of vending equipment, used in
locations other than the empire zone in which petitioner is
certified, qualify for the tax exemption."  The statute provided
that "[r]eceipts from the retail sale of tangible personal
property described in subdivision (a) of [Tax Law § 1105] . . .
and consideration given or contracted to be given for, or for the
use of, such tangible personal property . . . shall be exempt
from the taxes imposed by this article where such tangible
personal property . . . [is] sold to a [QEZE], provided that (i)
such property . . . is directly and predominantly . . . used or
consumed by such enterprise in an area designated as an empire
zone pursuant to [General Municipal Law article 18-B] with
respect to which such enterprise is certified pursuant [thereto]"
(Tax Law former § 1115 [z] [1] [emphasis added]; see Tax Law § 14
[h] [2]; 5 NYCRR 11.1 [b] [9]).

        Petitioner contended before the Tribunal that it bought the
subject vending machines, which were "delivered to [its] facility
in the empire zone[, where t]hey would be set up by employees at
the [facility], and then shipped out of the . . . facility . . .
to sites around central New York."  When the machines required
replenishing with foodstuffs or beverages, such items, which were
stored at petitioner's QEZE facility, were taken by facility
employees to the machines, and when monies deposited in the
machines required collection, facility employees were charged
with withdrawing the monies and bringing them back to the
facility for accounting.  Petitioner further argued that, when
the vending machines required repair, they were serviced by its
QEZE facility employees and, in instances where a machine
required more serious service, it was brought back to the
facility by employees, repaired and placed in storage until its
next commission to another location.  Petitioner contended that

these uses were not only the sole uses of the vending machines, but were predominant under the meaning of Tax Law former § 1115 (z) (1) and, as such, it should not have been assessed sales and use taxes on the machines at locations outside of its QEZE facility. Finally, petitioner argued that the ALJ and the Department drew too narrow a distinction in their interpretation of the word "use" and argued for a broad construal of "use" in the statute to include the purpose and function of the vending machines – that is, to vend food items to paying consumers.

At the hearing before the Tribunal, the Department focused on the statute's use of "predominantly," noting the significance of the Legislature's inclusion of the term. It contended that, once purchased, a vending machine was stored for no more than "30 days to 45 days" at petitioner's facility, during which time the machine was being assembled, which took "roughly two and a half hours," and "then [it is] taken into [a] customer's location"; once delivered to a location outside of petitioner's QEZE facility, the vending machine had "a useful life of anywhere from 10 to 20 years." This, the Department argued, establishes that the predominant use of the vending machine was not within petitioner's facility, notwithstanding that a machine might, occasionally, be brought back to the facility for service or storage.

The Tribunal determined that the word "use" was to be "defined broadly," as necessitated by Tax Law § 1101 (b) (7), and that the record evidenced that petitioner used the vending machines to its financial benefit in locations outside of its QEZE facility. Given this broad understanding of "use," the Tribunal properly concluded – consistent with the Department's interpretation that "predominant" means "50% or more" – that petitioner's predominant use of the vending machines occurred outside of its QEZE facility. Accordingly, the Tribunal's determination that petitioner's predominant use of the vending machines was the deployment of the machines "to generate revenue" was reasonable and supported by a rational basis (see Matter of Piccolo v New York State Tax Appeals Trib., 108 AD3d 107, 112 [2013]; Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib., 85 AD3d at 1342; Matter of Island Waste Servs., Ltd. v Tax Appeals Trib. of the State of N.Y., 77 AD3d 1080, 1082

[2010], <u>lv denied</u> 16 NY3d 712 [2011]; <u>Matter of Sherwin-Williams Co. v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y.</u>, 12 AD3d at 117).  On this basis, the Tribunal properly construed that petitioner was not entitled to the exemption and that the Department appropriately assessed petitioner sales and use taxes relative to its vending machines located outside of petitioner's QEZE facility (<u>see</u> <u>Matter of United Parcel Serv., Inc. v Tax Appeals Trib. of the State of N.Y.</u>, 98 AD3d at 798; <u>Matter of 677 New Loudon Corp. v State of N.Y. Tax Appeals Trib.</u>, 85 AD3d at 1342).

Though tangentially addressed by the Tribunal, consideration of petitioner's interpretation of "direct" under Tax Law former § 1115 (z) (1) is briefly warranted.  The purpose of the vending machines is the provision of food and beverage service and, thus, deriving profit from the offer and sale of food for consumption.  Petitioner's interpretation of use at its facility encompasses acts that, while necessary for the function of the vending machine, intrinsically adds little to no value to petitioner; the majority of the vending machines' usefulness to, and work on behalf of, petitioner occurs outside of the QEZE facility through direct interactions with customers.  At the hearing and before this Court, petitioner suggests that the sale of foods from a vending machine outside of its QEZE facility, but stocked with items once stored at the facility, is as "direct" under the statute as if petitioner sold the food item directly to a consumer from the facility.  Petitioner contends that "every use . . . of th[e] machines is tied to the [e]mpire [z]one" and asserts that, because an aspect of petitioner's use occurs at its QEZE facility, this remote use of the vending machines qualifies it for the exemption.  We find petitioner's argument in this regard to be too attenuated and wholly inconsistent with the entire purpose of the empire zone initiative (<u>see</u> General Municipal Law § 956).  When a taxpayer asserts its entitlement to an exemption, "it is not sufficient for the taxpayer to establish that its construction of the underlying statute is plausible; rather, the taxpayer must demonstrate that its interpretation of the statute is . . . the <u>only</u> reasonable construction" (<u>Matter of Atlas Van Lines, Inc. v Tax Appeals Trib. of the State of N.Y.</u>, 123 AD3d at 172 [internal quotation marks and citations omitted; emphasis added]; <u>see</u> <u>Matter of United Parcel Serv., Inc. v Tax</u>

<u>Appeals Trib. of the State of N.Y.</u>, 98 AD3d at 801).  On the record before us, we find that the Tribunal's determination is supported by substantial evidence and, therefore, it should not be disturbed.

McCarthy, J.P., Lynch, Rose and Devine, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.




ENTER:

Robert D. Mayberger
Clerk of the Court