Matter of Apple, Inc. v Tax Appeals Trib. of the State of N.Y. (2022 NY Slip Op 02459)

Matter of Apple, Inc. v Tax Appeals Trib. of the State of N.Y.

2022 NY Slip Op 02459

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

531284
[*1]In the Matter of Apple, Inc., Petitioner,
v
Tax Appeals Tribunal of the State of New York et al., Respondents.

Calendar Date:February 16, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

McDermott Will & Emery LLP, New York City (Karen Lin of counsel), for petitioner.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for Commissioner of Taxation and Finance, respondent.

Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining sales and use tax assessments imposed under Tax Law articles 28 and 29.
Petitioner designs and markets consumer electronics, software and personal computers, selling its products through, among other avenues, its own retail and online stores. In 2011, petitioner offered a "Back to School" (hereinafter BTS) promotion for students, their parents and others involved with educational institutions who purchased qualifying products from its retail or online stores or from authorized campus stores. The promotion entitled the purchasers to receive, at no extra charge, a $100 gift card for use at several online stores operated by petitioner. Petitioner offered the promotion again in 2012, expanding it to make similar purchasers of qualifying iPad tablets eligible to receive a $50 gift card.
In both years, when qualifying purchases were made at petitioner's physical retail stores, the gift card's value was listed as a separate item on the invoice and then deducted from the total via a discount. Petitioner collected and remitted sales tax for the money paid by purchasers less the stated value of the gift card in those transactions. To give a concrete example, a customer who purchased a qualifying laptop priced at $1,000 would receive a gift card of $100. The invoice would list the $1,000 laptop and the $100 gift card as separate items. The invoice would then list a separate $100 discount reducing the total due. Petitioner considered that $100 discount as a reduction in the purchase price of the laptop to account for the separate purchase of the gift card — a purchase for which sales tax was not due — and only collected and remitted sales tax on the $900 purportedly paid for the laptop.
Following an audit and conciliation conference, the Department of Taxation and Finance (hereinafter the Department) determined that a customer received a gift card for free under the terms of the BTS promotion and that, as a result, petitioner was obliged to pay sales tax on the full amount of the sales. The Department accordingly determined that petitioner owed $731,882.84, representing additional sales tax in the amount of $995,197.44 with adjustments for interest and prior payments. In October 2015, petitioner filed a petition for redetermination with the Division of Tax Appeals. An Administrative Law Judge (hereinafter ALJ) conducted a hearing and, in November 2018, issued a decision in which he denied the petition and sustained the notice of determination. Petitioner filed a notice of exception and, following oral argument, respondent Tax Appeals Tribunal affirmed the ALJ's decision. Petitioner then commenced this CPLR article 78 proceeding to challenge the Tribunal's determination.
The facts in this matter are not disputed; what is disputed is whether customers purchased or were given a gift [*2]card under the terms and conditions of the BTS promotion, a distinction that impacts the calculation of sales tax. To explain why, a sales tax is imposed, with certain exceptions that are not relevant here, on the receipts from a retail sale of tangible personal property or a sale of services (see Tax Law §§ 1101 [b] [3] [i]; [4] [i]; 1105 [a], [c]). As a gift card represents value to be applied toward a future sale of property or services, sales tax is not owed at the time of its purchase, but rather when it is actually presented "in exchange for the purchase of taxable property or services" (NY Dept of Taxation and Finance Advisory Op TSB-A-15[25]S [June 3, 2015], available at https://www.tax.ny.gov/pdf/advisory_opinions/sales/
a15_25s.pdf; see Tax Law § 1105). Petitioner argued that a customer purchased both the gift card and the qualifying product and that, because a customer received the gift card at no extra charge under the terms and conditions of the BTS promotion, the price of the qualifying product was discounted to account for the card's value. Petitioner accordingly suggested that sales tax was not due on the portion of the purchase related to the gift card, only on the discounted purchase price of the qualifying product. The Department, in contrast, found that the customer received a gift card for free when purchasing a qualifying product under the terms of the BTS promotion and that, as a result, all of the monies paid related to the taxable sale of the product.
The Tribunal found that petitioner had not shown its interpretation to be superior to that of the Department, "and we will not disturb the Tribunal's determination if it has a rational basis and is supported by substantial evidence," even if the record could reasonably support another result (Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [2017]; see Matter of Parikh v Schmidt, 200 AD3d 1237, 1239 [2021]; Matter of Gans v New York State Tax Appeals Trib., 194 AD3d 1209, 1210 [2021]). "By statute, 'it shall be presumed that all receipts for property or services of any type mentioned in Tax Law § 1105 (a)-(d) are subject to tax until the contrary is established, and the burden of proving that any receipt is not taxable thereunder shall be upon the person required to collect tax'" (Matter of Parikh v Schmidt, 200 AD3d at 1239 [brackets and ellipses omitted], quoting Tax Law § 1132 [c] [1]; see 20 NYCRR 532.4 [a] [1]; [b] [1]; Matter of Petak v Tax Appeals Trib. of State of N.Y., 217 AD2d 807, 808-809 [1995]). It was accordingly incumbent upon petitioner, as the challenging party, to establish that the Department's interpretation of the BTS promotional sales was incorrect and that those sales included the nontaxable purchase of a gift card (see Matter of Parikh v Schmidt, 200 AD3d at 1239).
In that regard, the terms and conditions of the BTS promotion do not state that a purchaser of a qualifying product was also purchasing a gift [*3]card, nor do they refer to any discount on the qualifying product's price that would reflect such a purchase. To the contrary, the terms and conditions for both the 2011 and 2012 BTS promotions state that a "[p]urchase" of a qualifying product would entitle the purchaser to, if he or she so chose, "receive" a gift card. A similar difference in language is used at other points in the terms and conditions, referring to a gift card that "will be provided" or that "may be claimed" with the purchase of a qualifying product. "[A] word is known by the company it keeps" (Gustafson v Alloyd Co., Inc., 513 US 561, 575 [1995]; see Harris v Allstate Ins. Co., 309 NY 72, 76 [1955]), and there was no reason for the terms and conditions to use the word "purchase" for the qualifying product while using different words such as "receive," with its broader connotation of "tak[ing] (something offered, given, sent, etc.)," for the gift card unless something other than a purchase was contemplated (Black's Law Dictionary [11th ed 2019], receive). The terms and conditions provide further support for that reading given the requirement that the value of the gift card would be "deducted from [any] exchange or refund of the [q]ualifying [p]roduct" if the unredeemed card were not returned with the product, as there would be no need for such a "deduction" from the product's purchase price if the gift card had been separately purchased. The language of the terms and conditions, in short, reflects that the qualifying product was purchased and that the gift card was not.
Other evidence in the record supports the same conclusion. For example, the language in the advertising for the BTS promotion was similar to that set forth in the terms and conditions, stating that customers "[b]uy[ing]" a qualifying product would "get" or "receive" a gift card with the purchase. The language in the frequently asked questions documentation for the 2012 BTS promotion was even more explicit, advising customers asking "[w]hy [they were] charged for the free [BTS] gift card" that their invoice would show an equivalent discount and that the total due would amount to "the cost of the [qualifying product] only." Further, the testimony before the ALJ reflected not only that petitioner collected sales tax on the entire sale for online purchases of qualifying products, but that placing separate items for gift card value and an accompanying discount on retail store invoices was due to the fact that the point-of-sale systems at those stores could not issue a gift card for free. Petitioner pointed to evidence suggesting that a separate gift card purchase was intended, including the lack of explicit language in the terms and conditions of the BTS promotion regarding a free gift card and testimony from petitioner's employees who explained how the BTS promotion was structured to require a gift card purchase and how the ensuing retail sales were treated in that manner for accounting purposes. The Tribunal [*4]considered that evidence, however, found it wanting in the face of the proof suggesting that a gift card was given for free, and accordingly determined that petitioner failed to meet its burden of establishing that the receipts of the BTS promotional sales included the purchase of a gift card. Substantial evidence in the record supports that determination and, thus, the Tribunal properly determined that petitioner had undercalculated sales tax owed on those receipts (see Matter of Parikh v Schmidt, 200 AD3d at 1241; see Matter of Darman Bldg. Supply Corp. v Mattox, 106 AD3d 1150, 1152 [2013]; Matter of La Cascade, Inc. v State Tax Commn., 91 AD2d 784, 785 [1982]).
Finally, as a gift card was given, not sold, upon the purchase of qualifying products, no sales tax collected at the time of that purchase was attributable to the card's value. Sales tax would therefore be owed on the card's value only when it was applied toward a later purchase, and it follows that the Tribunal rationally determined that such value was not subjected to double taxation.
Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.