Matter of Strata Skin Sciences, Inc. v New York State Tax Appeals Trib. (2024 NY Slip Op 01218)

Matter of Strata Skin Sciences, Inc. v New York State Tax Appeals Trib.

2024 NY Slip Op 01218

Decided on March 7, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 7, 2024

536068
[*1]In the Matter of Strata Skin Sciences, Inc., Petitioner,
v
New York State Tax Appeals Tribunal et al., Respondents.

Calendar Date:January 18, 2024

Before:Egan Jr., J.P., Clark, Lynch, McShan and Mackey, JJ.

Jones Walker LLP, New York City (Alysse McLoughlin of counsel), for petitioner.
Letitia James, Attorney General, Albany (Frederick A. Brodie of counsel), for Acting Commissioner of Taxation and Finance, respondent.

Egan Jr., J.P.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal sustaining a sales and use tax assessment imposed under Tax Law articles 28 and 29.
At all relevant times, petitioner manufactured laser devices used by physicians and other medical professionals to treat certain skin conditions with ultraviolet light, and it both directly sold the laser devices to medical practices and provided them under the terms of a usage agreement. The latter route involved petitioner "consign[ing]" a laser device it owned to a medical practice, placing the device in the office of the medical practice, and providing a suite of training, maintenance, marketing and reimbursement services to facilitate the device's use by medical professionals. The practice did not purchase the laser device or the services upfront; instead, petitioner retained control over the use of the laser device through its software, and medical practices purchased codes for individual treatments from petitioner, which were inputted into the laser device to allow its use. Petitioner collected and remitted sales taxes when it sold one of the laser devices outright to a medical practice in New York, but did not do so when it received payments from a practice pursuant to a usage agreement.
Following an audit, the Division of Taxation and Finance (hereinafter the Division) issued a notice of determination in February 2018 advising petitioner that it owed $529,935.46 in sales and use taxes, plus interest and penalties, for monies collected under the usage agreements between March 1, 2014 and August 31, 2017. Petitioner made certain payments afterward, reducing the amount of tax in dispute to $487,322.56. In May 2018, petitioner filed a petition for redetermination with the Division of Tax Appeals. An Administrative Law Judge (hereinafter ALJ) conducted a hearing and, in January 2021, issued a decision in which he determined that "the primary function of petitioner's sales under its usage agreements is managing the non-medical aspects of providing medical treatments using the" laser device and constituted nontaxable provision of services as a result. The Division filed a notice of exception. Following oral argument, respondent Tax Appeals Tribunal issued a decision in May 2022 in which it reversed the ALJ's decision, denied the petition and sustained, as modified by the parties, the initial determination. Petitioner commenced this CPLR article 78 proceeding to challenge the Tribunal's determination.
We confirm. A sales tax is imposed upon "[t]he receipts from every retail sale of tangible personal property" (Tax Law § 1105 [a]), defined, in relevant part, as "[a]ny transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume [corporeal personal property] . . . , conditional or otherwise, in any manner or by any means whatsoever for a consideration, or any agreement therefor[*2]" (Tax Law § 1101 [b] [5]; see Tax Law § 1101 [b] [4], [6]). Notably, " 'it shall be presumed that all receipts for property or services of any type mentioned in Tax Law § 1105 (a)-(d) are subject to tax until the contrary is established, and the burden of proving that any receipt is not taxable thereunder shall be upon the person required to collect tax' " (Matter of Parikh v Schmidt, 200 AD3d 1237, 1239 [3d Dept 2021] [brackets and ellipses omitted], quoting Tax Law § 1132 [c] [1]; see Matter of Apple, Inc. v Tax Appeals Trib. of the State of N.Y., 204 AD3d 1173, 1175 [3d Dept 2022]). The Tribunal determined that petitioner had failed to rebut that presumption and that taxable sales occurred under the usage agreements, " 'and we will not disturb the Tribunal's determination if it has a rational basis and is supported by substantial evidence,' even if the record could reasonably support another result" (Matter of Apple, Inc. v Tax Appeals Trib. of the State of N.Y., 204 AD3d at 1175, quoting Matter of HDV Manhattan, LLC v Tax Appeals Trib. of the State of N.Y., 156 AD3d 963, 965 [3d Dept 2017]; see Matter of Parikh v Schmidt, 200 AD3d at 1239).
The usage agreements at issue here, on their face, involve taxable sales in that they involve the transfer of possession of tangible personal property — namely, the laser devices owned by petitioner, which it delivered to medical practices for their use in medical treatments — in return for which petitioner received consideration in the form of treatment code purchases. Petitioner nevertheless advanced two arguments as to why the transactions were not taxable. First, petitioner asserted that that it had not granted the medical practices a license to use the laser device because exclusive possession of the device was not granted under the terms of the usage agreements. Petitioner further contended that the usage agreements involved the provision of both tangible property and nontaxable services and that, because the primary function of the usage agreements was to provide the latter, the transaction as a whole was nontaxable. The Tribunal rejected both contentions.
With regard to petitioner's first contention, a sale requires the "transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume" tangible personal property for consideration (Tax Law § 1101 [b] [5] [emphasis added]; see Tax Law § 1101 [b] [4], [6]). The Tribunal found that a transfer of possession was precisely what had occurred under the usage agreements, in that the laser devices were placed in the offices of the medical practices in return for the purchase of treatment codes which allowed trained medical staff at the practices to use the equipment. As the Tribunal observed, the usage agreements made clear that medical practices purchased the treatment codes in return not only for that transfer in possession, but also the license and ability to use the laser devices. Indeed, petitioner itself acknowledged [*3]in the parties' joint stipulation of facts that it "grant[ed] to its customers, as part of the [u]sage [a]greement,
. . . the right to" use the patented method of treating certain skin ailments with the laser devices and that the customers were "licensed under that patent, royalty free, to use the equipment," although the customer could not use the equipment "unless and until each treatment was ordered from . . . petitioner and paid for" via the purchase of treatment codes. This proof that petitioner placed the device on the customers' premises for their exclusive use constituted substantial evidence for the Tribunal's determination that petitioner granted "actual physical possession" of the laser devices to the medical practices under the usage agreements and that, upon assuming possession, those practices were further entitled to use the equipment to treat skin conditions in return for the purchase of treatment codes from petitioner (American Locker Co. v City of New York, 308 NY 264, 267 [1955]; cf. Matter of Hospital Tel. Sys. v New York State Tax Commn., 44 AD2d 271, 272-273 [3d Dept 1974], affd 36 NY2d 746 [1975]; Bathrick Enters. v Murphy, 27 AD2d 215, 216-217 [3d Dept 1967], affd 23 NY2d 664 [1968]). It follows that the Tribunal properly determined that the transaction fell within the unambiguous statutory and regulatory definition of a retail sale (see Tax Law § 1101 [b] [4], [5], [7]; 20 NYCRR 526.6 [a]; 526.7 [a]-[c]; see generally Matter of Statharos v Tax Appeals Trib. of State of N.Y., 306 AD2d 650, 651 [3d Dept 2003]).
As for petitioner's second argument, the Tribunal observed that a primary function analysis may be appropriate in assessing whether "the use of a physical object is only incidental to the sale of an intangible thing," but also found that such was not the case here because the medical practices who entered into usage agreements received a finished product in the laser device that had market value distinct from the services rendered and, indeed, was sold by petitioner on a standalone basis (People ex rel. Foremost Studio, Inc. v Graves, 246 App Div 130, 131 [3d Dept 1936]; see Matter of Business Statistics Org. v Joseph, 299 NY 443, 452 [1949]; Dun & Bradstreet, Inc. v City of New York, 276 NY 198, 205-206 [1937]; People ex rel. Walker Engraving Corp. v Graves, 243 App Div 652, 652 [3d Dept 1935], affd 268 NY 648 [1935]). Substantial evidence in the record supports that finding, and the Tribunal reasonably concluded from it that the primary function analysis was inapplicable (see Matter of Galileo Intl. Partnership v Tax Appeals Trib. of Dept. of Taxation & Fin. of State of N.Y., 31 AD3d 1072, 1074-1075 [3d Dept 2006], lv denied 7 NY3d 715 [2006]). Thus, as the Tribunal's determination is rational and supported in all respects by substantial evidence in the record, it will not be disturbed.
Petitioner's remaining arguments, to the extent that they are not rendered academic by the foregoing, have been considered and lack [*4]merit.
Clark, Lynch, McShan and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.